CASE 83—PETITION ORDINARY—MAY 21.

# Kentucky Wagon Manufacturing Company v. City of Louisville.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. THE BURDEN OF PROOF is on the party who would be defeated if no
   evidence were offered on either side; and is fixed at the begin-
   ning of the trial by the nature of the allegations in the plead-
   ings, and does not change during the course of the trial.

   Where a city ordinance was passed providing for the annexation
   to the city of an adjoining town, and certain residents of the town
   filed a petition in the circuit court protesting against the annex-
   ation, the burden of proof was upon the petitioners, and they
   were entitled to the concluding argument to the jury. The fact
   that the court found at the conclusion of the testimony that the
   required per cent. of the resident free-holders of the territory
   proposed to be annexed had remonstrated did not change the
   burden of proof.

2. QUALIFICATIONS OF JURORS.—Tax-payers and residents of the city
   were not disqualified, by reason of their interest, to act as jurors,
   their interest being necessarily remote, uncertain and insignifi-
   cant.

WALTER EVANS FOR APPELLANTS .

1. The burden of proof was upon the plaintiffs, and it was error to
   deny to them the right to conclude the argument to the jury. (Ky.
   Statutes, secs. 2760, 2761, 2762, 2763, 2764; O'Connor & McCulloch
   v. Henderson Bridge Co., 27 S. W. Rep., 251; 1 Greenleaf on Evi-
   dence, note 1 to sec. 74.)

2. The jury should have been impaneled from the territory beyond
   the limits of either Louisville or South Louisville. Kemper v.
   City of Louisville, 14 Bush, 87, distinguished.

3. The verdict is flagrantly against the evidence.

4. The court erred in admitting incompetent evidence.

H. S. BARKER FOR APPELLEE.

1. While the burden of proof, as the issues were made up, was origi-
   nally upon appellants, yet during the trial a state of facts arose
   which shifted the burden upon the appellee. (Ky. Statutes, sec.
   2762.)

:2. The interest of the citizens and tax-payers of the city was too re-
  mote to disqualify them as jurors.  (Kemper and wife v. City of
  Louisville, 14 Bush, 87)
.3. The verdict is supported by the evidence.

.JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Within thirty days after the passage of an ordinance by
the appellee, providing for the annexation of the town of
South Louisville to the City of Louisville, the appellants,
residents and free holders of the town, filed their petition
in the Jefferson Circuit Court, "setting forth the reasons
why such territory, or any part thereof, should not be an-
nexed."  The city answered denying the allegations of the
petition, and seeking to avoid the force of the reasons urged
against the annexation, and set up reasons why the ordin-
ance should be approved.

By consent, the affirmative allegations of the answer were
controverted of record, and upon trial before a jury, a find-
ing resulted to the effect that a failure to annex  the town
to the city would materially retard the prosperity of the
city and of the owners and inhabitants of the territory or
town sought to be annexed.  And from the judgment dis-
missing the petition and annexing the town to the appellee,
this appeal is prosecuted.    Beside the complaint that the
verdict is flagrantly against the evidence, and which we
need not notice, the appellants urge two grounds for re-
versal of the judgment:

1. That the court erred in giving to the appellee the con-
clusion of the argument.

2. That the jury should have been impaneled from the
territory beyond the limits of either Louisville or South
Louisville.

The record discloses that upon the commencement of
the trial, the appellant first called and introduced its wit-

nesses. No question was raised of the propriety of this course and it was entirely proper. The appellants had set forth certain facts in their petition without proof of which, upon the denial of them by the appellee, their case would have failed at once. Sub-section 3 of section 317 of the Civil Code, provides that "the party on whom rests the burden of proof in the whole action, must first produce his evidence; the adverse party will then produce his evidence." But in the same section, sub-sec. 6, it is provided that "in the argument, the party having the burthen of proof shall have the conclusion and the adverse party the opening." So it would seem clear that the appellants ought to have had the conclusion of the argument. The rule is that the burden of proof is on the party who would be defeated if no evidence was offered on either side. This test is to be applied from the very nature of the case, at the outset of the trial, and the point is determinable from the pleadings alone. If A sues B on the latter's promissory note and the pleas of *non est factum* and of no consideration are interposed, the burden of proof "in the whole action" is on A, and even should B take the stand and admit the execution of the note, the burden of proof is not changed or the course of procedure affected.

The statute under which this proceeding was instituted, among other things, provides that "if the courts shall be satisfied that seventy-five per cent. or more of the resident freeholders of the territory sought to be annexed, or stricken off, have remonstrated, then such annexation or reduction shall not take place, unless the jury shall find from the evidence that a failure to annex or strike off will materially retard the prosperity of such city, and of the owners and inhabitants of the territory sought to be annexed or stricken off." Upon the conclusion of the entire testimony, the court

in the case at hand did find that over seventy-five per cent. of the resident freeholders of the territory within the boundary of South Louisville had remonstrated against the annexation; and this finding of the court from the evidence, is thought in some way to have changed the rule and given the conclusion of the argument to the appellee. We do not think so.

In cases cited with approval by Mr. Greenleaf, the rule is thus stated: "The burden of proof is, therefore, fixed at the beginning of the trial by the nature of the allegations in the pleadings, and it is settled as a question of law, and does not change during the course of the trial." (Greenleaf on Evidence, sec. 74, note (a.) In the pleadings of this case there were no averments as to this per centum of protestants; it was wholly a matter of proof during the course of the trial, and did not and could not affect the legal question presented at its threshold.

It is urged in the second place that the members of the jury, who were all tax-payers and residents of the city of Louisville, were disqualified, by reason of their interest, to act in the capacity of impartial triers.

We are constrained to think that learned counsel have magnified the seriousness of this feature of the case. It may be true, indeed it would seem to be indisputable, that the members of the jury were, in a slight measure at least, interested in the result, but when we consider the population and wealth of the two territories we must admit the infinitesimal pecuniary effect the addition of the smaller town must have on the larger city. The interest of the juror is necessarily remote, uncertain and insignificant.

In Kemper and wife v. City of Louisville, 14 Bush, 87, where the plaintiffs were seeking damages of the city and objected to the trial of their case by jurors who were residents

and tax-payers of the defendant, the objection was held not to be well taken after a careful review of the authorities. There is some suggestion of incompetent testimony having been allowed to go to the jury, but necessarily great latitude must be permitted to both sides in investigations of this character, and we perceive no error in this respect.

For the reason indicated, however, the judgment must be *reversed* for proceedings consistent with this opinion.