## Atkinson, etc. v. Lawrence, etc.

(Decided November 19, 1914.)

### Appeal from Lawrence Circuit Court.

1. **Verdict—Insufficient Description of Property.**—In an action to recover certain articles of personal property, where the defendant

answered, admitting possession of the same, without making a motion for particulars, and the verdict designated the different articles recovered in substantially the same language used in the petition, it is too late to object to the verdict for insufficient description of the property awarded.

2. Verdict—Tender.—When a bill of sale, if of any force, was but a mortgage, and so known by the defendant, who claimed and held possession of the property under it, as assignee, if defendant failed to assert the lien, he is in no position after verdict, to claim that plaintiff should have tendered the amount of the debt, before his action would lie to recover.

3. Verdict—Persons Included In.—Where a verdict does not state which of two defendants it is against, it is against both, and it is optional with the plaintiff to collect from either or both.

M. S. BURNS and HARRED & GARRED for appellant.

R. C. McCLURE and CAIN & THOMPSON for appellee.

Opinion of the Court by Judge Nunn—Affirming.

The appellee, Lawrence, sued Atkinson to recover possession of an itemized list of oil well machinery, and asked judgment for the value of such as could not be returned. The verdict of the jury was: "We, the jury, agree and find for the plaintiff the following articles." The articles were named, six in number, and described in substantially the same language used in the petition, and aggregating $400 in value.

Atkinson in his answer did not deny that he had taken possession of the articles, but did deny the value, as claimed by Lawrence, and denied that Lawrence owned them. The Louisa Water Company, of which Atkinson is president, filed an intervening petition admitting that it was in possession of some of the tools and implements mentioned in the petition, naming them, and claimed to be the owner thereof.

Appellants insist that the verdict of the jury is bad for uncertainty, because of poor and insufficient description of the property adjudged to be recovered. The description of the property given in the verdict is substantially the same as that given in the petition. The defendants, without making any motion for particulars, or requesting a more definite description of the property, answered admitting possession and claiming ownership. It is now too late to object to the verdict for insufficient description of the property. The parties by their pleadings and proof seemed to understand thoroughly just what articles were in dispute.

Appellants in their testimony claimed title to the property under an assignment of a written, but unrecorded bill of sale, which Lawrence had executed to one Ratcliff. They insist that in any event Lawrence is not entitled to recover possession of the property without payment or tender of a $21.80 debt which they say was secured by the bill of sale. It is proven beyond question, in fact it is not denied, that, before appellants got the property, Lawrence had paid the lien debt which amounted to $123. Ratcliff did not surrender the bill of sale, which was in fact a mortgage, because he did not have it with him at the time he collected the debt, but promised to get it later and give it to Lawrence. During the next month Lawrence incurred a further indebtedness to Ratcliff in the sum of $21.80, but there is no intimation in the record that the old lien was revived, or that a new lien was given to secure this indebtedness.

Atkinson went with the deputy sheriff to levy an attachment on the property for another debt that Lawrence owed him. He found Ratcliff in possession, holding it for the $21.80 debt above referred to, and he notified Atkinson and the deputy sheriff that he was so holding it. Atkinson asked him if he had a bill of sale, and being told that he had, Atkinson asked to see it, and, seeing it, desired to buy it. When Ratcliff told him the amount of his debt, Atkinson offered him more than that for an assignment of it. Ratcliff said he only wanted his debt, but would wait a few days to see if Lawrence, who was away from home, would return and pay it. During the next two or three days, Atkinson importuned Ratcliff again and again to sell him the writing, which he finally did for a consideration of $21.80. When it is remembered that the debt which the writing was executed to secure had been satisfied and that this subsequent debt of $21.80 was not secured by anything, and that the amount of it is so out of proportion to the value of the property involved, and that Atkinson knew at the time that, at best, Ratcliff's only interest was a lien on the property, and that by the assignment he could only get an equity, we think it was incumbent upon Atkinson and the Water Company to plead the equity, that is, a lien and the amount, if they intended to rely upon it, and when they failed to so plead, and claimed the property absolutely, they are in no position, after verdict, to contend that Lawrence should have tendered the amount of

the alleged lien debt, before his action would lie to recover the property.

It is next contended that the verdict is fatally defective for failure to designate against which of the defendants the jury intended to find. Since the verdict did not say which, the inference is necessary that they found against both, and as the Water Company has the property, and Atkinson, its president, took it, there is ample justification for a verdict against both, and it is optional with Lawrence to collect from either or both.

Perceiving no prejudicial error, the judgment is affirmed.

Judge Hannah not sitting.