## Weill v. Gusdorf.

(Decided June 11, 1929.)

MILLER & MILLER for appellant.

JAS. A. WILMORE and SPENCE CARRICK for appellee.

Opinion of the Court by Commissioner Hobson—
Affirming.

Mrs. A. Gusdorf brought this suit against J. M.
Weill, alleging in her petition that she was the owner and
entitled to the possession of a race horse named Fusileer,
of the value of $1,000, and that the defendant had posses-
sion of the horse and had unlawfully detained it from
her. She prayed judgment for the horse, or its value.
The defendant filed answer, controverting the allegations
of the petition, and alleging that he was the owner of the
horse. The case was submitted to the jury and it found
for the plaintiff. The defendant appeals.

The first question made in the case is that the verdict
does not warrant the judgment. The second instruction
given the jury by the court was in these words: "If the
jury find for the plaintiff under instruction No. 1, they
will fix in their verdict the value of said horse, Fusileer,
on the 21st day of November, 1927, not exceeding the sum
of $1,000, the value alleged in the petition." The verdict
of the jury was in these words: "We the jury find for
the plaintiff and fix the value at $1,000."

On the verdict the court entered judgment that the
plaintiff was the owner of the horse and that she recover
the horse from the defendant, if to be had; or, if the
horse was not to be had, then that she recover of the
defendant the sum $1,000, the value of the horse. The
verdict of the jury must be read in connection with the
instructions of the court; for the verdict is responsive to
the instructions. As the jury were told if they found for
the plaintiff, they should fix in their verdict the value of
the horse, the finding of the jury that they fixed the value
at $1,000 necessarily means that they fixed the value of
the horse at $1,000. There was, therefore, no error in
entering the judgment upon the verdict.

It is also earnestly insisted that the verdict is pal-
pably against the evidence. But this turns simply on
the credibility of the witnesses. If the plaintiff's testi-
mony was true, she was the owner of the horse. If the
defendant's testimony was true, he was the owner of the
horse. This was a question for the jury. It was simply
a question of credibility. The jury saw and heard the
witnesses, and their verdict, approved by the circuit
court, who also saw and heard the witnesses, cannot be

disturbed here unless palpably against the evidence, and that is not this case.

Lastly, it is earnestly insisted that a new trial should have been granted on account of newly discovered evidence. Appellant filed on the motion for a new trial his affidavit and the affidavit of J. T. Ireland showing that the plaintiff and the defendant, some time before, had gone before Ireland and the plaintiff had there declared that the defendant was the owner of the horse under a writing which she then acknowledged to be correct. But it is a misnomer to call this newly discovered evidence; for, as plainly appears from the affidavits, the defendant well knew all the time that he could prove these facts by Ireland. If he was surprised at the trial by the testimony of the plaintiff, it was incumbent upon him then to ask a continuance to obtain the testimony of Ireland. He could not take the chance of winning his case without Ireland, and, if defeated, obtain a new trial to get the testimony of Ireland when he knew all the time what Ireland would state. The court, therefore, did not abuse its discretion in refusing to grant a new trial on this ground. Bronson v. Green, 2 Duv. 234; Higgins v. Forkner, 211 Ky. 588, 277 S. W. 983.

Judgment affirmed.