## Farmers' Bank & Trust Company v. Farmers' Supply Company.

(Two Cases.)

(Decided June 7, 1932.)

E. L. STEPHENS for appellant.

POPE & UPTON for appellees J. S. McKeehan and Wm. Walden.

W. B. EARLY and J. B. JOHNSON for appellees E. F. Davis and others.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

The Farmers' Bank & Trust Company of Williamsburg brought separate actions to recover on the following notes:

"Williamsburg, Ky., Jan. 16, 1930.                    $1,000.00

"Six months after date we promise to pay to the order of Farmers' Bank & Trust Co. One Thousand Dollars. Negotiable and payable at Farmers' Bank & Trust Co., Williamsburg, Ky., value received, with interest at the rate of —— per centum per annum after maturity until paid. Endorsers waive demand, protest, notice of protest, and all legal diligence to enforce collection.

| | |
|---|---|
| "Joe H. Early, Surety | Farmers' Supply Co., |
| "W. R. Mounce, Surety | E. F. Davis, Pres. |
| | E. T. Mackey, Sec. |
| "No. 12382 | E. F. Davis, Surety |
| | E. T. Mackey, Surety |
| "Due    July 16, 1930 | J. S. McKeehan, Mgr. |
| | W. M. Walden, Sis. Mgr." |
| "P .O. ——." | |

"Williamsburg, Ky., Mar. 10. 1930.                    $3,000.00

"Six months after date we promise to pay to the order of Farmers' Bank & Trust Co. Three Thousand Dollars. Negotiable and payable at Farmers' Bank & Trust Co., Williamsburg, Ky., value received, with interest at the rate of —— per centum per annum after maturity until paid. Endorsers waive demand, protest, notice of protest, and all legal diligence to enforce collection.

| | |
|---|---|
| "Joe H. Early, Surety | Farmers' Supply Co. |
| "W. R. Mounce, Surety | E. F. Davis, Pres. |
| "C. W. Leforce, Surety | E. T. Mackey, Sec. |
| "Samuel Walker, Surety | E. F. Davis, Surety |
| "Neal Rains | E. T. Mackey, Surety |
| "No. —— Due —— | J. S. McKeehan, Mgr. |
| | W. M. Walden, Sis. Mgr." |

J. S. McKeehan, opposite whose name on each of the notes was the abbreviation "Mgr.," and W. M. Walden, opposite whose name on each of the notes were the abbreviations "Sis. Mgr.," were the only persons who made defense. After their demurrers to the petition in each case had been overruled, they filed a joint answer pleading that the note showed on its face that they did not sign in their individual capacity, but that at the time of the execution of the note J. S. McKeehan was the

manager and W. M. Walden, the assistant manager of the Farmers' Supply Company, and that they signed the note only in their representative capacity as such officers. It further alleged that at the time of the signing they each had $2,500 worth of stock in the Farmers' Supply Company, which fact was well known to both plaintiff and their codefendants, and that they represented both to the plaintiffs and to the codefendants that they were not signing said note as individuals, and would not be bound individually thereon, but only to the extent and purpose of obligating the stock they then held in said corporation, and no further; that the plaintiff and their codefendants understood that the answering defendants executed said note in that manner and none other; and that plaintiff accepted said note with the understanding that neither of the defendants was to be bound or obligated thereon for any part thereof other than the stock that each held in the corporation at the time.

The defendants W. R. Mounce, E. T. Mackey, E. F. Davis, and Joe H. Early filed their separate answers and cross-petition denying the allegations contained in the answer of McKeehan and Walden, and pleading the following facts: The Farmers' Supply Company was a corporation organized and created under the laws of the state of Kentucky, and doing a general retail hardware business in the city of Williamsburg. By the terms and conditions of its articles of incorporation the management of the corporation consisted of seven directors, a president, and secretary. In the transaction of its business from time to time it became necessary for the Farmers' Supply Company to borrow money. By an order and resolution entered upon the minute books at a regular meeting of the directors said corporation was authorized upon the signature of the president and secretary to borrow money for and on behalf of the corporation, and all moneys borrowed were borrowed pursuant to such authority and none other. Thereafter the Farmers' Supply Company did borrow from the plaintiff Farmers' Bank & Trust Company, the sum of money mentioned in the petition, and executed its corporate note signed by its president and secretary as provided in said resolution. To secure the note, the answering defendants, together with their codefendants, signed said note as sureties. The note sued on was a renewal note of a previous obligation. During its continuance in business, the Farmers' Supply Company renewed said

note, and the answering defendants, together with their codefendants Walden and McKeehan, each signed said note as surety, and that all of them were jointly and severally obligated to pay the sum mentioned in said note.

In each case the Farmers' Bank & Trust Company filed a reply denying the allegations contained in the answer of McKeehan and Walden, and pleading as follows: The said note was a renewal of a prior obligation. Some time prior to the execution of the last renewal note, defendants Walden and McKeehan had acquired an interest in the Farmers' Supply Company, and had been in charge of its sales, purchases, etc. Prior to the time that the original money was borrowed, the corporation had passed a resolution that the money should be borrowed from the bank, and that said corporation should be bound and obligated on such note when so executed upon the signatures of the president and secretary. Each and all of said notes, including the last renewal note, was signed and indorsed by E. F. Davis as president and E. T. Mackey as secretary of said corporation, and the signatures of the president and secretary bound and obligated the corporation, and neither McKeehan nor Walden had procured any authority from said corporation to obligate the corporation upon the note.

The defendants Walden and McKeehan filed a reply to the answer and cross-petition of their codefendants denying that they signed the notes as sureties, or that they were jointly bound on the note, and attempted to plead other defenses that are not material. By agreement of parties all affirmative allegations not denied by the pleading were controverted of record. The two cases were heard together. There was evidence to the effect that the minute book of the corporation had been lost, but that it contained an order authorizing the corporation to borrow money on the signature of its president and secretary. There was further evidence that some of the signers of the last renewal note were loath to sign, but did so on the representation of McKeehan and Walden, who had not theretofore been on any of the notes, that the note was stronger by reason of their signatures. McKeehan and Walden did not testify, and at the conclusion of the evidence for plaintiff the trial court peremptorily instructed the jury to find for McKeehan and Walden in each case. From the judgment separate appeals have been prosecuted, which have been consolidated and will be considered in one opinion.

We need not dwell on our own cases, or those from other states, dealing with the descriptio personæ doctrine prior to the adoption of the Negotiable Instruments Act. Section 20 of that Act (Acts 1904, c. 102), now section 3720b-20, Ky. Stats., is controlling, and its purpose was to clarify an uncertain situation and announce a uniform rule on the subject. That section reads:

"Where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of the principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character without disclosing his principal, does not exempt him from personal liability."

If this were a case where McKeehan as manager and Walden as assistant manager had been authorized by the corporation to borrow money or to execute the renewal note on behalf of the corporation, a different question would be presented. Not only did they fail to show such authority, but the uncontradicted evidence was to the effect that the authority to borrow the money for the corporation was conferred solely on the president and secretary. Therefore when the note was signed by the corporation, followed by the signatures of its president and secretary, it was a complete instrument, and no other signature was necessary to bind the corporation. This view is further strengthened by the fact that McKeehan's and Walden's signatures on each note do not follow the signatures of the president and secretary, but are separated therefrom by the signatures of Davis and Mackey, who did not sign or pretend to sign as officers of the corporation. In the circumstances the addition of the word "Mgr." after McKeehan's name and of "Sis. Mgr." after Walden's name had no more effect than if some of the signers who were stockholders had placed the word "stockholder" after their names. While not inclined to a very strict application of the descriptio personæ doctrine, we think the statute requires its application to the facts of this case. Our conclusion is that the trial court on the showing made should have directed a verdict in favor of plaintiff.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.