## Sandmann v. Getty.

(Decided April 24, 1934.)

JAS. BOSWELL YOUNG for appellant.
SIDNEY D. HANDMAKER for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

On the 15th day of January, 1920, Leo J. Sandmann executed and delivered to Adelbert F. Getty a note. It reads:

"$600.00          Louisville, Ky., Jan. 15, 1920.

"Six months after date I promise to pay to the order of Adelbert F. Getty Six Hundred Dollars with interest from date at the rate of 6% per cent. per annum

"Value received, negotiable and payable at First National Bank

"Due July 15th, 1920

"Leo J. Sandmann
"Proprietor Gibson Billard Parlor."

In this action to recover on the note, Sandmann filed an answer containing three paragraphs; in the first, he admitted the execution of the note; denied it had not been paid and also his liability thereon; in the second, he asserted it was a corporate obligation and not a personal one, and that his signature, as affixed to it, was signed by him by a mistake; in the third, he pleaded no consideration passing from Getty to him; and further alleged that the Gibson Billiard Parlor was a corporation and the notes evidenced a part of the consideration for property sold and delivered by Getty to the corporation.

Sandmann's denial the note had not been paid was insufficient to raise the issue of payment. A plea of payment must be affirmatively made, and cannot be made in an action on a note in this form of denial. When the execution of the obligation is admitted and payment thereof affirmatively pleaded, if controverted by the plaintiff, the burden of proof is on the defendant. Civil Code of Practice, sec. 526; Clarkson v. White, 3 B. Mon. 376; Chester v. Day (Ky.) 127 S. W. 794; Whitteker v. Holcomb, 177 Ky. 793, 198 S. W. 533; Williams v. Denny, Banking Commissioner, 238 Ky. 662, 38 S. W. (2d) 668.

The allegation the note was the obligation of the Gibson Billiard Parlor was not equivalent to a plea of non est factum, which also must be affirmatively made and not by merely negative language, and, when traversed, the burden of proof rests upon the plaintiff. Taylor's Adm'r v. Scott, 218 Ky. 302, 291 S. W. 393.

The note conforms to the requirement of section 3720b-1, Ky. Stats.; therefore it is a negotiable instrument within the meaning of this section. The signature of a party to an instrument negotiable within the purview of this section cannot be made by an agent, who has not been duly authorized in writing to make the signature. Section 3720b-1, Ky. Stats.; Finley v. Smith, Banking Com'r, 165 Ky. 445, 177 S. W. 262, L. R. A. 1915F, 777; Inter-Southern Life Ins. Co. v. First National Bank of Hazard, 178 Ky. 95, 198 S. W. 563. Sandmann's plea of no consideration admitted there was a consideration for the note by the sale and delivery of property to the Gibson Billiard Parlor, a corporation. Even if this fact was disclosed by the face of the note, his signature to it made it a personal one and not that of the corporation, in the absence of an allegation of a fraud or mutual mistake in its execution. The legal effect of the note with his signature as it is signed thereto binds him individually. Megibben v. Shawhan's Adm'r, 10 Ky. Law Rep. 407; Tross v. Bills' Ex'x, 189 Ky. 115, 224 S. W. 660; Simons v. Douglas' Ex'r, 189 Ky. 644, 225 S. W. 721.

As the term is here used, "a mutual mistake is one in which both parties participated, but each laboring under the same misconception." "A mistake wholly unilateral will not afford grounds of reformation."

Reiss v. Wintersmith, 241 Ky. 470, 44 S. W. (2d) 609, 613. Section 3720b-1, Ky. Stats. provides:

"An instrument to be negotiated must conform to the following requirements: [1] It must be in writing and signed by the maker or drawer. [2] Must contain an unconditional promise or order to pay a' sum certain in money. [3] Must be payable on demand or at a fixed or determinable future time. [4] Must be payable to the order of a specified person or to bearer; and [5] Where the instrument is addressed to a drawee, he must be named or otherwise indicated therein with reasonable certainty."

This section makes the person signing a note personally liable even where he discloses his principal, but lacks authority. The words "Proprietor Gibson Billiard Parlor" below the name of Leo J. Sandmann are descriptio personæ, and his signature to the note is prima facie evidence of personal liability assumed by him, and does not indicate his intention to sign the note as an agent or officer of the corporation. James v. Stokes et al., 203 Ky. 127, 261 S. W. 868.

The note, after it was signed by Sandmann, was a complete instrument and the words: "Proprietor Gibson Billiard Parlor," below his name, manifest no intention to bind the corporation. "While not inclined to a very strict application of the descriptio personæ doctrine, we think the statute requires its application to the facts of this case." Farmers' Bank & Trust Co. v. Farmers' Supply Co., 244 Ky. 420, 51 S. W. (2d) 246, 248; Reeve v. First Bank, 54 N. J. Law, 208, 23 A. 853, 16 L. R. A. 143, 33 Am. St. Rep. 675; Rudolph Wurlitzer Co. v. Rossmann, 196 Mo. App. 78, 190 S. W. 636; Brannan's Negotiable Instruments Law (5th Ed.) sec. 20, pp. 256-274.

Our conclusion is, the trial court properly sustained a demurrer to each paragraph of the answer.

Wherefore the judgment is affirmed.