## Frazier et al. v. City of Corbin et al.

(Decided March 22, 1935.)

J. B. JOHNSON for appellant.

TYE, SILER, GILLIS & SILER for appellees except City of Corbin.

STEPHENS & STEELY for appellee City of Corbin.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The only question involved in this appeal is: Whether or not appellant, G. I. Frazier, as between himself and his vendees is liable for a street improvement assessment against a lot he sold to them in Corbin, Ky.? The facts are that Frazier owned a lot on a business street in Corbin, fronting thereon thirty feet and running back ninety feet. The street improvement was made in 1924-25, and the total amount of assessment against the lot was $727.26, which was agreed to be paid on the ten-year plan. It was reduced, through payments made by Frazier before he sold the lot, to the sum of $596.91, and on August 2, 1927, he and his wife conveyed the lot to appellees, William Hacker, S. B. Marcum, A. L. Arnold, and P. C. Fuson, by warranty deed, and they afterwards conveyed it to another individual appellee.

This equity action was filed in the Whitley circuit court on March 29, 1930, by the holder of the bonds, and the city of Corbin, to enforce the collection of the balance due on the assessment; the defendants therein being Frazier and wife and their immediate and remote vendees and their wives. All parties to the liquidation concede that the proceedings of the city council of Corbin in having the improvement made were strictly complied with and the balance alleged to be due is correct. Whether proper or improper (the question not being raised), the immediate and remote vendees of Frazier

584

filed as their answer a pleading which they styled a
"cross-petition" against Frazier to compel him to pay
the amount of the unpaid assessments, upon the ground
that he had warranted the title to the property in the
deed he executed to his immediate vendees and which
inured to the benefit of the remote vendees. They also
averred that in purchasing the lot they did not agree
to assume and pay the assessed incumbrance, but that
on the contrary Frazier expressly agreed to pay and
discharge it. No objection was made to the right of
defendants, who may be considered as plaintiffs in the
cross-petition, to assert such a right in this character
of action; nor were any objections made to the alter-
native grounds upon which liability was sought to be
imposed upon Frazier to discharge the lien, i. e.,
whether upon the warranty contained in his deed, or
upon his alleged express agreement with his vendees
to assume and pay it.

Following pleadings made the issues and the court
directed a trial before a jury to determine them, and it
returned this verdict: "We, the jury, agree and find
for the defendants," upon which judgment was ren-
dered in favor of the vendees against Frazier for the
amount of the unpaid lien, and a sale of the lot to satisfy
it if it could not be collected by execution against
Frazier. Complaining of that judgment the latter and
wife prosecute this appeal. Their counsel in his brief
filed in this court argues but two grounds for a reversal,
and which as stated therein, are: "[1] Because the
verdict of the jury is so vague, indefinite and uncertain
as the court was not warranted in entering a judgment
thereon. And [2] the verdict and judgment is flag-
rantly against the evidence, contrary to the law and
not supported by sufficient evidence of probative effect
to sustain it, and is the result of passion and prejudice
of the jury returning the same."

The substance of the entire argument in support
of ground 1 as contained in brief is thus stated: "Now
with the record in that shape ten of the Jury said 'we,
the Jury, agree and find for the defendants.' What de-
fendants? What did they find for the defendants?
What defendants [two or more] did they find for?"
From which it will be seen that counsel's contention is
that the verdict is so indefinite as to be incapable of
enforcement and, therefore, void for uncertainty; but

the rule is that the entire record may be looked to in order to ascertain the intention of the jury in returning the particular verdict complained of and which rule of practice is fundamental and universally applied. See Romans v. McGinnis, 156 Ky. 205, 160 S. W. 928; Weill v. Gusdorf, 230 Ky. 64, 18 S. W. (2d) 879, and cases cited in the Romans Case.

The instruction of the court said to the jury: "If you shall believe from the evidence heard by you that the defendants, Hacker and others, purchased the lot shown in the evidence from the plaintiffs, Frazier and wife, with the agreement and understanding that *they* [Hacker and others] would assume and pay the street improvement lien, then you will find for the plaintiff, Frazier. Unless you so believe your verdict will be for the defendants." From which it will be seen that the court designated Frazier and wife as "plaintiffs" and their vendees as "defendants." But whether or not the court properly designated the parties to the only issue being litigated, it nevertheless plainly pointed out to the jury those whom it included in each designation and directed in whose favor it should return its verdict as based upon the issue so submitted. The fact that the court may have improperly designated them (if he did do so) did not divert the attention of the jury from the submitted issue, nor the person or persons in whose favor or against whom that issue should be determined. In strict conformity with that instruction it found that the vendees of Frazier (Hacker and others), whom the instruction designated as "defendants," had established the right for which they contended in their cross-pleading as between them and their adverse litigants therein, Frazier and wife. Thus viewed there can be no doubt concerning the conclusion reached by the jury upon the issue submitted to it, and which was and is that Frazier and wife as between themselves and their vendees should pay and discharge the balance due upon the street assessment. We, therefore, conclude that this ground is without merit.

In support of ground 2 it is strenuously argued that the deed to the land executed by Frazier and wife to Hacker and others recited the consideration therefor as $6,225; whereas, the vendees actually paid only $5,-250, or $975 less than the recited amount as contained in the deed—from which it is insisted that it should be

conclusively deduced that the $975 was retained by the vendees for the purpose of discharging the lien, although that amount was considerably in excess thereof. The facts concerning the consideration, as so related, are no doubt relevant upon a correct determination of the issue raised between the litigants in the cross-pleadings, but it is by no means conclusive. The agreement to purchase the lot was made by G. L. Frazier, representing himself and his wife, and Hacker and Fuson, representing themselves and their associates. The substance of their testimony is that they examined the records in the county court clerk's office and found no incumbrance against the lot and that Frazier informed them there was none, except the balance due on the street assessment which he then and there agreed to discharge, followed by his immediate execution of the deed containing his warranty of title. He denied any agreement on his part to lift the lien upon the conveyed property, but he did not testify that his vendees agreed to assume and pay it further than what might be indicated by the incorrect statement of the consideration in the deed to which we have referred. But if he had so testified, then we would have his testimony as against that of Hacker and Fuson, plus whatever effect might be given to the incorrect statement of the consideration. The jury determined the issue, as so fortified on either side, in favor of Hacker and others, and we are by no means authorized under the prevailing rules of appellate practice to hold that such finding should be annulled, either as being flagrantly against the evidence, or as against its preponderance—which latter determination would prevail if the issue should be considered as purely one made and determined in equity.

However, Hacker testified that he procured the consideration to be stated in the deed higher than it actually was because he and his associates contemplated erecting a business building or buildings on the lot, and were arranging for the borrowing of the funds necessary therefor from an insurance company which would not advance exceeding 50 per cent. of the value of the property, and in order to enable them to borrow as large an amount as possible he suggested the increased consideration to be inserted, to which Frazier agreed, and that testimony of Hacker we find nowhere expressly

denied by Frazier. It is, therefore, concluded that ground 2 is also unavailable.

Wherefore, for the reasons stated, the judgment is affirmed.