## Blackburn et al. v. Beverly.

(Decided Jan. 21, 1938.)

**348**

C. C. ADAMS for appellants.

L. M. ACKMAN for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

Appellee recovered judgment against appellants, whose names were affixed to a note executed to appellee, on May 6, 1933, by the Farmer's Store, Inc. The note was for $1,100, payable in twelve months, and while drawn on a form used by banks and negotiable, never left the hands of the payee.

The note was signed, "Farmer's Store, Inc.," and just below appeared the following: "G. E. Blackburn, Pres.; E. O. Satterwhite, Mgr.; William Maddox, Sec." On the back of the note appeared the following signatures: "C. D. Cotton, H. C. Greene, Curt Brock, C. F. King, W. K. Callender, H. J. Satterwhite, H. K. Beverly." These last seven signers were directors of Farmer's Store, Inc. Appellee's petition, making defendants the store and those whose names appeared on the paper, was in the usual form of such pleadings in ordinary actions, alleging that all the parties had agreed and promised, and were obligated to pay according to the terms of the note. To this pleading demurrers were interposed by all the defendants save the store.

Separate answers were filed by the store; those whose names appears on the face of the note, and those whose names appeared on the back. The store admitted the execution of the note, but plead that since its execution the store had placed all its assets in the hands of one of its officers for the use and benefit of its creditors, including appellee, and was in process of liquidation when the suit was filed, and later had been liquidated. It pleaded the legal procedure leading up to its dissolu-

tion, and asked that the petition be dismissed because of failure to file claim with its liquidating agent in proper time.

The group of officers whose names appeared on the face of the note denied the execution of the note as individuals, and say they did not become individually obligated, since only signing on behalf of the store. They say that when they signed, the store was incorporated; that they were officers and were merely carrying out the directions of the corporation to borrow the money and bind the store by signing as its officials. They assert that the store alone received the benefits of the proceeds which were used solely in its business.

The other group, directors whose names appear on the back of the note, plead no consideration; no participation in the proceeds, the use thereof by the store, as the first group had pleaded. They assert that the note was written on a blank "bank stock" form, and when presented to them lacked space on the face to permit of their signatures, so they signed on the back, under the belief and assurance that since it was the store's note their signatures as directors would not obligate them individually. They assert that by oversight they failed to write above, below, or about their names, the word "directors." They also plead that a portion of the note was printed in small type, and they failed to read same; this small type clause appears to fix the liability of sureties, guarantors, and indorsers. They assert that if they had believed otherwise than as stated above they would not have signed except as directors, as was their intention. In their prayer they ask that the mutual mistake in the manner of their signing the note be corrected and the paper reformed so as to carry out their intention; that is, by placing their names on its face, and indicating by the use of the word "directors" that the store alone would be bound. These defendants moved the court to transfer the case to the equity docket for the purpose of correcting the alleged mistake.

Replies were filed to each of the separate joint answers, denying the allegations thereof, and as to the appellants, those signing on the face as well as the back of the note, appellee again pleaded that the loan was made upon agreement that those persons whose names

appeared on the note were to be individually obligated. It was asserted (relating to the alleged mistake) that the note was prepared solely by the makers and signers, and presented to and accepted by him in the form delivered. Issues were finally completed by the filing of rejoinders by the two groups; the store not further pleading.

The court, over plaintiff's objection, transferred the cause to the equity docket, and later an agreed order was entered submitting the law issue to a jury. After a hearing of the proof and instructions, the jury returned a verdict against the ten individuals who had signed the note for the full amount thereof with interest. Upon this verdict the court entered judgment, and including the store in the judgment, perhaps because it did not plead to an issue. Whether this be true or not is of no concern on this review, since the store does not appeal.

The first ground urged for reversal is that the court should have sustained appellants' demurrer to the petition; it being said that the pleading was deficient, because when considered with the exhibit (note) showed that those who signed were not bound, but had only signed so as to obligate the principal. This is insisted with particular reference to those whose names appeared on the back of the note, as it is urged they were, and could only have been, treated as indorsers, and therefore entitled to notice of dishonor or nonpayment.

An inspection of the record fails to show any order tendering or filing, or the court's ruling on demurrer interposed on behalf of the store, or those individuals (directors) whose names appear on the back of the note. It does appear from the record that after all pleadings had been filed, there was a motion to reconsider the demurrer theretofore entered by the defendants, which motion contained what purported to be a demurrer on behalf of all defendants, including those whose names were on the back of the note. In this state of the record, it is apparent that if demurrer was filed on behalf of the store or those signing on the back of the note, same was waived. It also appears from the record that the court did not make any ruling on the motion to reconsider. This leaves us to consider only the suggestion that the petition was defective as to charging

liability of the other three officers, when the same is considered along with the exhibit, since the court did overrule their demurrer.

We are of the opinion that the court below properly overruled this demurrer. It will be noted that the petition alleged that the store, the three officers, and the directors, "By their certain promissory note (giving date) duly executed and delivered to this plaintiff, promised and agreed, twelve months after date, to pay to the order of plaintiff the sum of $1100.00, with interest."

It will be seen that all those whose names appeared on the note were looked upon and treated as principals or at the least as sureties. Such pleading made a prima facie case. The plaintiff was required to allege only such facts as would constitute a prima facie cause of action. Flynn v. Barnes, 156 Ky. 498, 161 S. W. 523; Prudential Insurance Company of America v. Dinsmore, 254 Ky. 725, 72 S. W. (2d) 433.

In Newman on Pleading, sec. 212, the rule is stated to be that:

"Matters which should more properly come from the other side need not be stated; in other words, it will be sufficient for each party to make out his case. It is enough if the facts stated by plaintiff show a prima facie cause of action. He is not bound to anticipate, and is not therefore compelled to notice and remove in his petition every possible exception, answer or objection, which may exist and with which the defendants may intend to oppose him."

Nor does a survey of the exhibit reflect on the allegations of the petition. The abbreviations affixed may be looked upon as being descriptio personæ. We held in Sandmann v. Getty, 254 Ky. 496, 497, 71 S. W. (2d) 954, 955, that section 3720b-1, Kentucky Statutes, "makes the person signing a note personally liable even where he discloses his principal, but lacks authority." In that case Sandmann had signed "Proprietor, Gibson Parlor," after his name; the "Parlor" being a corporation. See, also, James v. Stokes, 203 Ky. 127, 261 S. W. 868. In Farmers' Bank & Trust Company v. Farmers' Supply Company, 244 Ky. 420, 51 S. W. (2d) 246, we

referred to section 3720b-20, Kentucky Statutes, which reads in part:

> "Where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of the principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized."

So, we see from a reading of those cases, it was prerequisite that they should have been authorized so to sign, if relying on the terms of the statute as a defense and it was not necessary for the plaintiff to negative such proposed plea on their part. What we have said above is solely with respect to the court's ruling on demurrer.

It is argued further that since the minutes of the corporation showed authority for the directors to sign the note, it follows that the store only is obligated and those signing under that authority are not obligated. The record was exhibited, and showed that a

> "motion was made and seconded to draw up the Farmer's Store note and get it signed by its officers and directors, and not deliver it to Mr. Beverly until all the Store's officers have signed it for the Store."

This writing on its face does not conclusively indicate that those who signed were not to be bound. Ordinarily the signing of a corporate name by the chief officer, attested by the secretary, is sufficient to bind the corporation. This, however, is a matter generally controlled by the corporate by-laws. There is no showing here what the by-laws provided in such respect. The entry here shown is unusual, and to our mind manifests the purpose to carry into effect the agreement alleged by appellee, i. e., that all the officers should sign so as to obligate each of them, as appellee says he had demanded as a condition, be done. The language "not to be delivered to Mr. Beverly until all the officers have signed for the store," may as well be taken to mean that they were to sign as principals or sureties, as that it was intended to thereby bind only the store. When this argument is considered in the light of the testimony of appellee and of the agent of the corporation who closed the transaction for it with Mr. Beverly, which the jury had the right to believe, there can be

but little doubt as to what was the true intention of the parties.

Other arguments advanced, in the main, relate to matters of procedure. It is argued that such proof as was adduced should have been heard orally rather than by deposition. It appears that the suit was in ordinary, and on motion of appellant transferred to the equity docket. This motion was seemingly on behalf of those individuals who had signed on the back of the note, and the stated purpose was to permit them to reform the instrument in the manner above shown, so as to correct the alleged mutual mistake. We may digress at this point to say that there was a failure to show "mutual mistake" which is ordinarily one in which both parties participated, each laboring under the same misconception. Reiss v. Wintersmith, 241 Ky. 470, 44 S. W. (2d) 609; Sandmann v. Getty, supra.

After this motion was sustained, proof was taken by deposition on the whole case, both parties completing their takings. Later, plaintiff moved, the defendants concurring, that the common-law issues be "transferred from chancery to be submitted to a jury." This was ordered and when the case was called for trial defendants moved the court to allow testimony to be introduced orally; the court overruled the motion over objection.

In argument that this action of the court was highly prejudicial, counsel cites sections 10, 11 and 12 of the Civil Code of Practice, and section 7 of the Constitution. It will be noted that the Code sections relate only to the power and duty of the court to transfer actions where motions, or conditions, seek or permit such transfer. The other section relates to the mode of trial by a jury. They throw no light on the question here presented. In Talbott v. Bedford, 53 S. W. 294, 297, 21 Ky. Law Rep. 897; McMakin v. Stratton, 82 Ky. 226, this court held that it was in the discretion of the court as to whether or not oral evidence should be heard, or to limit the number of depositions to be read. In Morawick v. Martineck's Guardian, 128 Ky 155, 107 S. W. 759, 32 Ky. Law Rep. 971, the court held it to be the proper practice to permit oral testimony where legal issues were triable out of chancery. But it was held therein that the court's failure to permit oral testimony did not constitute reversible error, because of the ab-

sence of a showing that the failure placed the complainant at any disadvantage. This was the ruling of the court in Lewis v. Helton, 144 Ky. 595, 139 S. W. 772. Therefore, while adhering to the ruling that the procedure sought by defendants was the proper practice, a failure to show any substantial disadvantage to the defendants precludes us from reversing the case on this ground.

It is argued that all defendants were present in court, save one, ready to testify. The record does not show that this fact was brought to the attention of the court. It is said that their personal presence before the jury, and testifying orally, would have been more effective. No claim is made at all that any one of the defendants would have added one word to, or eliminated one word from, the testimony given in deposition, or would have changed his testimony in any respect.

It appears from the record that after plaintiff had introduced his proof first, without objection, and after the instructions had been given by the court, counsel for appellant moved the court to be allowed the closing argument, on the ground that the burden of proof was on defendants. The motion was overruled, and it is now complained that this ruling constitutes reversible error. There appears several reasons why this complaint is not meritorious. The appellant made no objection to the manner of introduction of proof; his motion came after the close of the introduction of all proof. The burden of proof should be fixed at the beginning of the trial, from the pleadings, and when so fixed should not be changed during the course of the trial. Kentucky Wagon Mfg. Co. v. Louisville, 97 Ky. 548, 31 S. W. 130, 17 Ky. Law Rep. 366; Moss v. Mittel, 253 Ky. 504, 69 S. W. (2d) 1046. The rule is that the whole case must be looked to, and the party who has the burden on the whole case must carry the burden. Mattingly v. Shortell, 120 Ky. 52, 85 S. W. 215, 27 Ky. Law Rep. 426, 8 Ann. Cas. 1134, and such party is entitled to the closing argument, where his rights be properly preserved. O'Connor v. Henderson Bridge Co., 95 Ky. 633, 27 S. W. 251, 16 Ky. Law Rep. 244. There were three separate answers filed in this case presenting three distinct defenses; one by the store, admitting the execution, pleading that the holder of the note should have presented it for pro rata payment upon the

store's dissolution; another by the officers, who claimed nonliability because they signed only for the purpose of binding the store. The other by those whose names appeared on the back of the note, and desired its reformation so as to put them in the same class with the chief officers. Thus it will be perceived that there appeared a mixed situation as to the burden in this case. We have held that where several defendants filed separate answers, and the burden as to one would be on plaintiff, and as to the other on the defendant, the placing of the burden is in the sound discretion of the court. Simons v. Pearson, 61 S. W. 259, 22 Ky. Law Rep. 1707.

In conclusion appellants argue that the instructions given by the court were erroneous, mainly because of their complicated nature and not understandable by the jury. It is insisted that appellant offered instructions in a very simple form, and readily understood, and this is true, though containing some matter not properly submittable to the jury, and which the court, no doubt, sitting as chancellor, had theretofore decided.

We have read the instructions carefully, and while lengthy they presented all issues in a fair way to the jury and were proper under the pleadings and proof, taking them as a whole.

Upon the whole case, we are of the opinion that the trial was fairly conducted, and that no error prejudicial to the rights of the defendants was committed by the court.

Judgment affirmed.