## Adams et al. v. Commonwealth ex rel. State Highway Commission.

Nov. 15, 1940.

Woodward, Dawson & Hobson for appellants.

Lawrence S. Grauman and Robert L. Sloss for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Some time prior to March 27, 1939, the Commonwealth of Kentucky, on relation of its State Highway Commission, filed in the Jefferson County Court this condemnation action against defendants and appellants, Martin L. Adams and wife, Olive F. Adams, seeking to condemn for road purposes about one-fourth of an acre of land from defendants' suburban home tract of thirteen acres upon which they resided, and to acquire two permanent easements under two small strips of land outside of the quarter of an acre permanently taken, under which necessary drainage sewers were to be constructed as required appurtenances to the completed road. There was also involved in the contemplated improvement the obliteration of a grade crossing over the tracks of the Southern Railway Company, which were either upon or immediately adjacent to defendants' land—the obliteration of the crossing being the construction of a passway through which the contemplated road would run under the railway tracks, and a part of the one-fourth of an acre permanently sought to be taken by the proceedings was necessary for that purpose. The other portion of the land actually taken was for the purpose of widening the road right of way so that a four-lane driveway might be constructed as contemplated, the additional strip sought to be taken when added to the old right of way being necessary for that purpose. The proposed work also required the setting back for a comparatively short distance a picket fence belonging to defendants, and a corresponding removal of four stone posts, or columns, apparently a part of that fence. But the final judgment rendered in the case imposed the duty to make such removals upon Jefferson County, and which, of course, included the payment of all necessary expenses so incurred.

Upon the filing of the petition, commissioners were appointed by the Jefferson County Court, and in due time they reported, valuing defendants' land at $500 per acre, and allowed them $125 for the one-fourth of an acre actually taken. They also allowed them $10 for three

redbud bushes growing on the strip taken, and $30 for a pine tree located thereon. In the county court it seems that there was no stipulation agreement or provision for the county to remove the picket fence and stone columns, so that, the commissioners allowed $200 for that purpose, and expressly stated in their report that they returned no damage to the remainder of defendants' tract—the total allowance being $365. Both parties filed exceptions to that report and a trial was had before a jury in the county court, resulting in a verdict in favor of defendants in the sum of $1,200. Defendants prosecuted an appeal to the Jefferson circuit court where upon a trial of the case the jury awarded them $1,000 damages. Their motion for a new trial in that court was overruled and they prosecute this appeal from the judgment rendered on that verdict. The parties have made what we conceive to be an unduly large record, and which necessarily contains much irrelevant and immaterial matter. However, their respective contentions both upon the law and the facts appear to have been duly presented.

The grounds urged for a reversal of the judgment are: (1) That the verdict of the jury is contrary to law in that it did not follow the instructions of the court; (2) the admission of improper evidence offered by plaintiff, and the rejection of proper evidence offered by defendants; (3) error of the court in overruling defendants' motion for the closing argument to the jury; (4) the verdict is grossly inadequate, and (5) improper argument of plaintiff's counsel to the jury. They will be discussed and disposed of in the order named.

█ Neither party offered any instructions, and the court on its own motion gave four to the jury, the last, or fourth, one requiring the verdict of the entire panel, which is necessary in this character of proceeding. Instruction No. 1 was the usual one in such cases, while No. 2 defined the phrase "market value" to be followed in fixing the value of the land actually taken; and No. 3 said: "You will find and state in your verdict the amount awarded for the land taken separately from the damage awarded for the remainder of the tract, *if any*, and from the amount awarded for additional fencing which will be rendered necessary, *if any*." (Our emphasis.) The verdict of the jury as returned in the circuit court said: "We, the jury, find One Thousand

($1000) Dollars as the sum to be paid Mr. Adams. R. O. Aldridge, Foreman."

The argument in support of ground (1) is, that the verdict was for an aggregate sum, and failed to reveal whether or not any allowance was made by the jury for damages to the remainder of the tract, or for additional fences rendered necessary as instruction No. 3 required, if the jury found any damages for such items, in addition to the market value of the land taken. The form of the verdict as returned would clearly indicate that the jury found no such consequential damages for the items referred to. It will be perceived that Instruction No. 3—which it is insisted the jury failed to follow—did not expressly require the jury to expressly state in its verdict the fact that it *did not* find any damages for either of those items; but only required it to separately state in its verdict the amount found by it for such items *"if any."* The fact that no return of damages was made by the jury for such items is tantamount to saying that the jury found none for either of them. Therefore, we find ourselves unable to agree with learned counsel upon their insistence that the verdict did not follow the instructions which, it is correctly urged, should be done, although the court may have erred in giving the particular instruction or instructions. Hence, the cases cited in substantiation of that contention have no relevancy to the point. In the case of Louisville & N. R. R. Co. v. Muncey, 229 Ky. 538, 17 S. W. (2d) 422, relied on as sustaining this ground, the court failed to give to the jury the required instruction for a separation of allowed amounts in their verdict for all permissible items of damage under the law, and the instructions in that case were also faulty in other respects, as will be seen from a reading of the opinion. That case *did not* involve a general verdict returned by the jury under a proper instruction given by the court, but which is the situation here.

Moreover, there is no attempt at showing that defendants and their counsel, either of them, was absent when the verdict was returned by the jury. The presumption will be indulged in the absence of such a showing that they, or one of them, was present, since they had a right to be, and the record discloses no deprivation of that right for any cause whatever. They, therefore, permitted the jury to be discharged upon the re-

turn of the general verdict now complained of without any effort to have it corrected so as to eliminate the error now complained of, if any. This court has heretofore had before it for determination the precise question here involved, presented in a manner and form as is done in this case—or in some other manner whereby it became necessary to determine the question—in the cases of Atkinson v. Lawrence, 161 Ky. 166, 170 S. W. 528; Walter v. Louisville Railway Company, 150 Ky. 652, 150 S. W. 824, 44 L. R. A., N. S., 126, Ann. Cas. 1914D, 441; Aud v. McAvoy, 177 Ky. 380, 197 S. W. 824; Newport Coal Company v. Ziegler, 255 Ky. 429, 74 S. W. (2d) 561, and the rule was established in them that a litigant could not complain on appeal of the irregularity of the verdict returned in the case, unless he sought by proper motion to have it corrected in the trial court, and which is but the imposition upon him of a duty he owes to the court, as well as to himself if he desires the correction to be made in cases where the entire record requires it to be done.

In the cases of Pittsburg, C. C. & St. L. Railway Co. v. Darlington's Adm'x, 129 Ky. 266, 111 S. W. 360, 33 Ky. Law Rep. 818; Weill v. Gusdorf, 230 Ky. 64, 18 S. W. (2d) 879, and Fritz v. Roberts, 264 Ky. 418, 94 S. W. (2d) 1016, it was, in substance, stated in our opinions that a verdict returned in a case must be read in connection with the pleadings and the instructions in the case, and it will be held sufficient if it can be made reasonably certain by reference to the record. We have above pointed out that the verdict in this case, when read in the light of instruction No. 3 given to the jury by the court, was and is reasonably certain; but if not, the uncertainty could easily have been eliminated by appellants requesting that the jury retire to their room when their verdict was read and correct the uncertainty, but which they failed to do in this case. We, therefore, conclude that this ground is without merit.

■ The alleged improper evidence complained of in the first part of ground (2), as offered by plaintiff, was testimony, showing that the plan of the proposed construction provided for the replacement of the columns and the picket fence by the condemnor at its cost and without expense to defendants, when, as is contended, the verdict fixed no amount of such expenses. The testimony, although the verdict was silent on that

question, went to the total amount of damages that defendants would sustain as a result of the taking of the property for the purpose indicated, and it is clear to our minds that the testimony was properly admissible, and especially so in view of the fact that defendant, Martin L. Adams, had testified as to the cost of setting back the fence and the columns as an item of damage to which defendants were entitled. The alleged competent evidence offered by defendants, to which the court sustained exceptions, consisted of three items—one, an offer to prove that a witness for plaintiff by the name of Bowles, who had testified to his opinion of the damages that defendants would sustain by the taking of the property sought to be condemned. On cross-examination they offered to prove by him the amount he, as a neighbor of defendants, had been paid for land taken from him for the construction of the same road. Defendants also object to the ruling of the court declining to permit them to prove the market value of their property during the construction of the road, which they insisted would be greatly reduced during that period; and, lastly, that the court erred in not permitting Mrs. Adams to testify after her husband had given his testimony in the case.

With reference to the offered, but rejected, testimony from the witness, Bowles, we deem it necessary only to call attention to this court's holding in the case of Commonwealth v. Combs, 229 Ky. 627, 17 S. W. (2d) 748, wherein we held that proof of prices paid to others in the neighborhood for the obtaining of rights of way for the same improvement was not competent. Besides, the fact was drawn out in this case that Mr. Bowles had been paid by the county, under an agreement, the sum of $800 for the amount of land taken from him. We have not found in the record any damaging inconvenience sustained by defendants during the construction of the proposed highway, and since the measure of defendants' damage is the difference between the market value of the farm before the taking and the same value after the taking had been completed, we are of the opinion that the court did not err in rejecting the item of testimony complained of in this respect.

With reference to the action of the court in rejecting the testimony of Mrs. Adams, who jointly owned the affected tract with her husband, but little need be said,

since counsel for appellants expressly admit that in the cases of, City of Covington v. Geyler, 93 Ky. 275, 19 S. W. 741, 14 Ky. Law Rep. 145; Weber v. Lape, 145 Ky. 769, 141 S. W. 67; Jefferson County v. Bischoff, 238 Ky. 176, 37 S. W. (2d) 24, and DeGraw v. Levin, 234 Ky. 73, 27 S. W. (2d) 432, we held in similar circumstances that the wife, notwithstanding her joint ownership in the property, was an incompetent witness after her husband had testified. In those cases we held that one of the spouses might testify but not both. But counsel for defendants insist that those cases should be overruled as not conforming to their interpretation of Subsection 1 of Section 606 of our Civil Code of Practice. We have given the question due consideration, and are not convinced that the interpretation given in the cases referred to was unauthorized or should be retracted. It, therefore, results that ground (2) relied on for a reversal must also be overruled.

■ The motion by defendants for the closing argument to the jury was not made until all of the evidence had been introduced and the argument was about to begin. Nothing had been said throughout the trial with reference to that right, or that defendants desired to assume the burden, and under numerous opinions of this court the motion came too late, since we have uniformly held that a litigant who desires to preserve such right—even when clearly entitled to it—must insist upon it at the beginning of the trial and not suffer and permit his antagonist to go forward and assume the burden of proof without also giving him the right to the closing argument to the jury, although, as observed, the objecting litigant may have been entitled to introduce his testimony first and consequentially entitled to close the argument to the jury if the point had been insisted upon at the proper time. When not done the law considers it as waived and the parties must abide by the consequences of the course which they permitted to be taken at the trial without timely objection. See Kentucky Wagon Manufacturing Company v. City of Louisville, 97 Ky. 548, 31 S. W. 130, 17 Ky. Law Rep. 366; Blackburn v. Beverly, 272 Ky. 346, 114 S. W. (2d) 98, and cases therein referred to, some of which are Tarvin v. Timberlake, 38 S. W. 491, 18 Ky. Law Rep. 807, and Frey v. Mathias, 38 S. W. 871, 18 Ky. Law Rep. 913, and O' Conner v. Bridge Company, 95 Ky. 633, 27 S. W. 251,

983, 16 Ky. Law Rep. 244. In their reply brief counsel for defendants seek an evasion of that rule in this case because of their being misled by certain happenings during the trial. But we find no motion for the assumption of the burden of proof made upon the discovery of such facts as so claimed to have first appeared during the progress of the trial, even if such a motion at that time would have been timely in the circumstances. It is the duty of a litigant throughout the trial to preserve his rights and shape its course at the time, and in conformity with the rules provided by the practice of the forum, and to not postpone the insistence upon his rights exclusively upon the appearances as they then existed. The reasons advanced by counsel, for excusing the failure of defendants to move for the burden of proof at the proper time are, as we conclude, clearly insufficient, and this ground is also overruled.

■ It is argued in support of ground (4) that the damages assessed are grossly inadequate as measured by the testimony heard at the trial. We have carefully read all of the proof on all the issues and have found the testimony to be similar to that given in all such cases, i. e., extremely contradictory. We also find in the testimony that many of the witnesses who testified for defendants exhibited a disposition—prevailing in cases like this one—to largely exaggerate values and other items of damage. The amount of land taken, as we have seen, is altogether only about one-fourth of an acre, and the easement strips for underlaid sewers are not only small, but the use made of them is almost harmless to defendants since the actual appropriation is below the surface of the ground. Defendants' testimony upon the value of the fractional part of an acre actually taken, was at a rate, which, if applied to the entire acreage of their tract, would reach the enormous sum of more than $300,000, and which is little short of preposterous, and produces a situation which we commented upon and condemned in the case of Commonwealth v. Combs, 229 Ky. 627, 17 S. W. (2d) 748. A former member of this Court (Judge Rollin Hurt) told a story which happened in a trial in which he was engaged as a practitioner, the substance of which was—that while addressing the jury and depicting the great wrong that would be committed by a verdict against his client, an indignant juror spoke up and said: "We will stand for no sich." It is the duty

of this court under permissible rules of practice to take the position of that juror in cases wherein it is demanded by the law and by the principles of justice. No deprivation of rights of ingress and egress are claimed, so that the question of damages to the remainder of the tract in that regard are not presented. It should also not be overlooked that the jury viewed the premises in charge of a sworn officer and thereby obtained a clear view of the actual situation, which information so obtained is not depicted in the record, although it is an acknowledged source from which enlightenment may be obtained.

But, it is insisted that the shrubbery and trees growing on the strip of ground actually appropriated for widening the road were themselves worth—according to the proof by a supposed expert as to such values —at least $2,500, regardless of the value of the land upon which they grew. The destroyed shrubbery consists, according to the report of the commissioners— but which did not include one thorn tree—of one pine tree and three redbud bushes. The expert placed his valuation thereon upon what it would cost to replace the same growths on adjacent premises of defendants, and which rule is not the correct one. But even so it could scarecely be expected that this court could accept, without considerable reservation, the exaggerated price fixed by defendants' expert witness. Other testimony in the case, though given in view of the fact of the destruction of such growths, placed the value of the strip taken considerably lower than the verdict of the jury, as was also true by the three commissioners appointed for that purpose by the county court. Even if we should concede that a greater number of witnesses testified to a larger amount in damages than that found by the jury, yet others testified to a less sum, and in view of the surroundings and circumstances appearing in the record we are not prepared to say that the verdict returned was unauthorized as being flagrantly against the evidence, and for which reasons this ground is also denied.

■ To begin with, the matter complained of in this ground has not been properly preserved and brought to this court for consideration, since it is not shown by a bill of exceptions. If not so done, under numerous opinions of this court it may not be considered on appeal. But assuming that the alleged argument was made as is

stated in affidavit of counsel for defendants, it consisted of plaintiff's counsel telling the jury that "it must not let down the poor people with whom the county had traded for rights of way; that it must treat everybody alike; and that it would be grossly unfair to allow a substantial judgment to defendants in this case, whereas others had not received substantial amounts." The objection to that argument, as set forth in the affidavit of counsel, was not acted on by the court and it is doubtful if the question is reviewable by us without an insistence before the trial court that the objection be passed upon. But, waiving that question, counsel for plaintiff filed his affidavit denying certain statements contained in the affidavit of defendants' counsel as to what he said in the argument objected to. Also plaintiff's counsel explained the reason for what he admitted as saying in his argument, which was in answer to certain arguments made by defendants' counsel and which was amply sufficient to justify the remarks objected to in argument of plaintiff's counsel if the latter's reason therefor was true, and which the court probably so determined in passing on the motion for a new trial. But, whatever may be the merits or demerits of this ground, it has not, as we have seen, been properly brought to this court for determination, and can not for that reason be considered.

After a careful examination of the record, as well as briefs of counsel, we are constrained to the conclusion that none of the errors relied on are sufficient to authorize a reversal of the judgment, and for which reason it is affirmed.