## STEUERLE v. TINDELL et al.

Court of Appeals of Kentucky.

March 5, 1954.

---

Raymond C. Arny, Louisville, for appellant.

Marion F. Wiseheart, Lyndon Everbach, Louisville, for appellee.

STANLEY, Commissioner.

Clarence J. Steuerle sued Thomas H. Tindell on a note for $8,500 dated November 26, 1948, and sought to have his conveyance of an interest in land set aside as fraudulent. The court analyzed the vague and confusing pleadings and proof and concluded that the petition should be "dismissed on one or more of the following grounds: Unclean hands, fraud in inducement, lack of consideration, or release of the principal obligor, thus releasing the surety." Judgment was entered accordingly.

We agree with everything the trial court had to say about the record and with his conclusions.

It appears that Steuerle was the real owner of a corporation known as the American Distributing Company. He sold his interest to Tindell, but the papers did not show a sale of the stock. The references are to the sale of the company. The note sued on was signed by the corporation by Tindell as its president and then by him personally as surety. A mortgage of the company's personal property was executed in the same way. The company was insolvent and soon went into receivership. It is quite clear that Steuerle knew of its insolvency. Tindell probably was also acquainted with it. The picture of the transaction is obscure and tangled. The more prominent part of it is the dark shadows. It is well painted in the trial court's opinion and need not be reproduced here. It seems sufficient to say that the transaction appears to have been an effort to "get from under" the collapsing structure. The men were close friends and Tindell had been employed by the company until six months before the transaction. It may have been that Tindell undertook to pull the company out of the depths, and that it was understood by both parties that his liability upon the note depended upon that accomplishment. A significant thing is that Tindell was called by Steuerle as a witness in his behalf in a divorce proceeding, and upon his request Tindell testified that he was not indebted to Steuerle because the corporation had failed. Steuerle had released the mortgage of record on March 1, 1949, as having been "satisfied in full."

We find no merit in appellant's argument he was entitled to judgment on the pleadings. The ground of discharge from the obligation sued on because of the release of the mortgage security given by the principal debtor may be put out of the case because it was not pleaded. Nor was there an affirmative plea of payment. See Sandmann v. Getty, 254 Ky. 496, 71 S.W.2d 954. But unconscionable character of a transaction between the parties need not be pleaded or set up as a defense, for the court on its own motion may apply the maxim of unclean hands. 30 C.J.S., Equity, § 97. The pleadings and evidence also sustain the other grounds stated by the court for his conclusion.

The judgment is affirmed.