## Roberts v. White.
(Decided Dec. 8, 1936.)

484

MURRAY L. BROWN for appellant.
ROY W. HOUSE and S. V. LITTLE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

C. W. Roberts appeals from a $750 judgment for personal injuries growing out of an automobile collision.

One of the principal grounds urged for reversal is that appellee, Ed White, was guilty of contributory negligence as a matter of law.

The accident happened under the following circumstances: On the day of the accident appellee was in Manchester. Roberts drove by and invited appellee, Ezra Webb, and others to ride with him along Highway

No. 80, then a dusty dirt road. When they got into the car a truck passed by, and appellee said to appellant, "Let's stop until the dust clears up," and appellant either stopped or slowed up. Near the place of Walter Pennington a car passed, and Ezra Webb said to appellant: "Slow up, you can't see for that dust—you can't see where you are going." At that time appellee did not say anything, but was turning the window to keep the dust out of the car and out of his face when the accident occurred. There was a collision between the Roberts car and a car known as the Fritts car. A car had just passed them and they could see the dust from it 100 yards or more. The car that had gone by passed them something like 100 feet or 150 feet this side of the place of collision. It was from 50 to 75 feet from where they encountered the dust from the passing car to the place of collision. Appellee did not think the dust cleared up by the time they first ran into the dust from the passing car before the collision. The dust was just as thick at the time of the collision as it was when they first encountered it. At the time of the collision Roberts had been driving at from 30 to 35 miles an hour, but appellee imagined he slowed down some before the collision. At the time of the accident appellee was not looking at cars, but was fixing the windshield. The argument is that because of the dust it was dangerous to drive along the road; that the condition was as apparent to appellee as it was to appellant; that appellee, though he protested some time before, did not protest just prior to the accident; and that he continued in the car although he had abundant opportunity to leave the car before the accident occurred. It is true that in some circumstances a guest's failure to protest, or to warn the driver, or to leave the car, will constitute contributory negligence. Stephenson's Adm'x v. Sharp's Ex'rs, 222 Ky. 496, 1 S. W. (2d) 957; Chambers v. Hawkins, 233 Ky. 211, 25 S. W. (2d) 363; Lexington Ice Co. v. Williams' Adm'r, 236 Ky. 318, 33 S. W. (2d) 14; Archer v. Bourne, 222 Ky. 268, 300 S. W. 604. But it must not be overlooked that the guest's opportunity and power to warn or protest, or to leave the car, are never so clear in the presence of danger as they are after the danger has passed. On dusty roads the dust frequently appears and then disappears in a short time. Here the Roberts car only proceeded into the dust for a distance of from 50 to 75 feet before the collision occurred. We

therefore conclude that the question of contributory negligence was one for the jury, and was properly presented by the instruction given by the court.

The petition was not demurrable on the ground that Mrs. Fritts was not sued, and the petition charged negligence both on the part of appellant and the driver of the Fritts car. If the accident was due to the combined negligence of appellant and the driver of the Fritts car, there can be no doubt of appellee's right to recover of appellant. Miller v. Weck, 186 Ky. 552, 217 S. W. 904; Bowman v. Ernst, 254 Ky. 376, 71 S. W. (2d) 1013. For the same reason the court's refusal to require appellee to elect whether he would proceed for the negligence of appellant or the negligence of the driver of the Fritts car was not error.

Complaint is made of instruction No. 1 on the ground that it authorized a verdict for failure to observe duties concerning which there was no evidence. It being clear that the accident was caused by appellant's driving into the dust and on the wrong side of the road, we do not regard the submission of other elements of negligence as prejudicial error.

Nor do we think the instruction defective on the ground that it unduly emphasized appellant's duty to stop the car and not proceed if the dust so obstructed his vision that he was unable to proceed with reasonable safety. As before stated, appellant's driving into the dust was the principal negligence relied on, and where it can be done it is always the better practice to give a concrete instruction. Louisville & N. R. Co. v. King's Adm'r, 131 Ky. 347, 115 S. W. 196.

The instruction on the measure of damages is not subject to the criticism that, without allegation or proof, it authorized damages for loss of time, or expense of cure, or for permanent injury. It merely authorized damages "for any mental or physical pain or suffering."

There is the further contention that the verdict of $750 is excessive. Appellee's description of his injuries is as follows:

"Well, the nature of my injuries. I was cut over that eye and along there [indicating] and over the chin and I had two teeth broken off about the gum and one was busted out and had to be taken out,

and a bruise here and a bruise in the chest and on the right arm it was cut in four places, the meat torn from the bone and my knees were bruised and torn. That was the nature of it. The effect it had on me. There was about a month I didn't work. I didn't do anything for about a month. My arm was infected also and I suffered with it. And since that time I have suffered with my leg and had to have shots by Dr. Wagers and Dr. Ricketts, even to this spring I had to have shots on different occasions for broken blood vessels in my legs.''

He further testified that he was treated by Drs. Anderson and Ricketts, and made 13 trips to their offices. According to Dr. Anderson, appellee had a lacerated wound on his right arm, a cut on his head between the eyebrows, a cut on his forehead above the right eye. In addition to this, the skin was knocked off his legs more, or less, and there was some injury to the knee joints. Appellee also had some injury to his teeth. He thought there were one or two knocked out, or one or two broken out. The wound on the arm was infected, and the wounds were about three weeks in getting well. In his opinion the injuries were calculated to cause pain and suffering. It is true that appellee was not permanently injured, but his injuries were of such character as necessarily to cause mental and physical suffering, and we cannot say that the sum allowed by the jury is excessive.

Lastly, it is insisted that the court erred in admitting evidence tending to show negligence on the part of the driver of the Fritts car. In the first place, appellee's injuries were due to a collision between the Fritts car and the Roberts car, and it is not perceived how the evidence could have been confined to the Roberts car alone. In the next place, the court, by its instructions, made it plain to the jury that appellant was not responsible for any negligence on the part of the driver of the Fritts car. It is therefore apparent that appellant could not have been prejudiced by the admission of the evidence.

Judgment affirmed.