## Randle v. Mitchell.

### June 18, 1940.

Joe L. Price, Judge.

502

Adrian H. Terrell for appellant.

Edgar T. Washburn, Alexander & Reed and Jess F. Nichols for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Mrs. Mitchell sustained injuries to her right leg and to her back when the automobile in which she was riding, and which was being driven by her husband, collided with a taxicab at the corner of 13th and Park Avenue, in Paducah, shortly after 11 p. m. on the night of April 1, 1937. Thirteenth Street is a boulevard. While Park Avenue is not a boulevard, a signal light had been maintained at this corner prior to the Ohio River flood early in 1937, but was not in operation at the time of the accident. There was in force in Paducah an ordinance which made it unlawful for the operator of any vehicle to fail to bring his vehicle to a complete stop at the line of a boulevard such as 13th Street. The ordinance further provided that, when an intersection is controlled by a police officer or a traffic signal, no vehicle shall be required to stop at a boulevard when a signal to proceed is given.

The jury awarded Mrs. Mitchell damages in the amount of $2,000. This appeal is being prosecuted from a judgment on that verdict.

The grounds urged for reversal are: (1) The verdict is not sustained by sufficient evidence and is palpably against the weight of the evidence; (2) the proof is insufficient to sustain the verdict, the injuries complained of not being the direct and proximate result of the accident; (3) the trial court permitted irrelevant, immaterial and incompetent evidence to go to the jury; (4) the trial court erred in refusing to discharge the jury upon motion of the appellant, when Mrs. Mitchell's counsel said in his closing argument "You can go out and give a judgment for $10,000.00 and it won't hurt the Taxi Cab Company a bit"; and (5) the trial court

erred in instructing the jury as to the duties of the driver of the car in which Mrs. Mitchell was riding.

The driver of the taxicab said that he did not see the Mitchell car until he was within five feet of it and that if it stopped before entering the boulevard he did not see it. Mrs. Mitchell testified that her husband brought his car to a complete stop before entering 13th Street. There is evidence that the taxicab was proceeding at a rapid rate of speed, though the driver testified that he was going at a reasonable rate. There was some evidence that the driver of the cab was drinking. From our examination of the record we are not prepared to say that the verdict is not sustained by the evidence, nor that it is palpably against the weight of the evidence. There is also sufficient proof to sustain the claim that Mrs. Mitchell's ailments (varicose veins and arthritis) could have and did result from the injuries she sustained in the accident.

The third complaint is directed toward certain testimony of officers who arrived at the scene shortly after the wreck. This evidence related to drinking on the part of the driver of the taxicab, the fact that his boss took charge of him after the accident, and also the location of the cars when the officers arrived upon the scene. We find no basis for this complaint.

The fourth complaint is directed to the injection of the insurance question into the case. The word "insurance" was not used in the statement of counsel for Mrs. Mitchell in his closing argument to the jury, but it is obvious why the statement was made. It is to be noted that Mrs. Mitchell's counsel stated in an affidavit that he did not make this particular statement, but said, "It does not make a great deal of difference what the amount of your verdict is, because it won't hurt the taxi company very much any way." This version of the statement is somewhat milder, but the former appears in the bill of exceptions approved by the trial court. The fact that Mrs. Mitchell's counsel asked her on direct examination the question, "Who had you examined?" and she answered, "The Insurance Company—" strengthens our conclusion as to the prejudicial effects of the statement to the jury. True it is that the trial court properly sustained an objection to the question and answer just mentioned and instructed the jury that they should consider the question and answer for no

purpose whatsoever, but the two instances convince us that Mrs. Mitchell's counsel was deliberately attempting to get before the jury the insurance question. A new trial should have been granted on this ground alone. See Indian Refining Company v. Crain, 280 Ky. 112, 132 S. W. (2d) 750, and cases cited therein.

Notwithstanding Mrs. Mitchell's statement that her husband brought his car to a complete stop before entering 13th Street (a boulevard), we think the trial court should have instructed the jury that it was the duty of Mr. Mitchell to bring his car to a complete stop before proceeding into 13th Street.

The third instruction given by the court is as follows:

"The Court instructs you that 13th Street upon which Defendant's car was being driven at the time of the accident complained of was a boulevard and the driver of Defendant's car had the right of way on said Street as against the driver of the car in which Plaintiff was riding if the driver of the car which Defendant was driving reached the intersection of 13th and Park Avenue or was so near to said intersection that in the exercise of ordinary care on his part he could not stop or slow up his car so as to avoid colliding with the car in which Plaintiff was riding if the driver of the car in which Plaintiff was riding moved same out into the intersection. It was the duty of the driver of Plaintiff's car to bring same to a stop before proceeding into 13th Street if the driver of Defendant's car had the right of way as against the car of Plaintiff, as herein set out, it was the further duty of the driver of the car in which Plaintiff was riding not to proceed into 13th Street until in the exercise of ordinary care there was no danger of colliding with the car of Defendant."

It will be noted from the foregoing instruction that the duty of Mr. Mitchell to bring his car to a stop before proceeding into 13th Street was qualified. This was error. The latter part of the instruction should have read:

"It was the duty of the driver of plaintiff's car to bring same to a stop before proceeding into 13th Street, and if the driver of the defendant's car had

the right of way as against the car in which plaintiff was riding, it was the further duty of the driver of the car in which plaintiff was riding not to proceed into 13th Street until, in the exercise of ordinary care, there was no danger of colliding with the car of the defendant.''

Wherefore, the judgment is reversed, with directions for proceedings consistent with this opinion.