## Mitchell v. Randall (two cases)

Feb. 22, 1944.

Wheeler & Shelbourne for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing in the first case, and affirming in the second.

The two captioned appeals have been ordered heard together on the record filed in the first styled case. We

have had before us heretofore the first captioned appeal; see Randall v. Mitchell, 283 Ky. 501, 142 S. W. (2d) 124. Reference thereto discloses that on the first trial Mrs. Mitchell recovered damages against Randall in the sum of $2,000 due to injuries received in a collision between the car in which she was riding and the taxi owned by Randall. We reversed the judgment on two grounds; one, a defective instruction, and the other error in counsel's interjection of the idea that Randall was insured.

We shall take the two cases up separately dealing with Mrs. Mitchell's appeal first. Following the filing of the mandate the case was tried at the November 1940 term, the jury returning a verdict in favor of Mrs. Mitchell for $2,500, which was set aside and new trial granted. At this point we deem it proper to note certain proceedings which did not appear in our first opinion.

Following the collision Randall instituted suit against Mr. Mitchell charging that by his negligence he had caused damage to his taxi, for which he sought recovery. Mr. Mitchell filed counterclaim for damages by reason of personal injury and damage to his car. These two suits were in abeyance until after the judgment on the second trial was set aside. When the cases were later called the court on his own motion directed that they be heard together; both Mr. and Mrs. Mitchell objected and excepted. The consolidated cases were then heard together, with the result that the jury returned in Mrs. Mitchell's case a verdict for the defendant, and in the Randall v. Mitchell case a verdict for neither party. On these verdicts judgments were entered dismissing Mrs. Mitchell's petition, the petition of Randall and the counterclaim of Mr. Mitchell, to which judgments Mr. and Mrs. Mitchell excepted and prayed appeal.

When the court granted new trial following the second trial, Mrs. Mitchell excepted and prayed an appeal; this was on October 4, 1941, and she was then given until the last day of the next November term to file bill of exceptions. Following the last trial (Dec. 1941) it was pointed out to the court that the stenographer who had reported the second trial had died before transcribing notes; the court directed transcription by another stenographer, and this properly endorsed by the court composes the bill of exceptions filed.

At the same term Mrs. Mitchell moved for new trial, and set up among other grounds the court's refusal to sustain the motion to substitute the former verdict for the verdict lastly rendered, because the court had erroneously granted a new trial. We do not find the motion, but the ruling thereon is incorporated in the bill of exceptions filed on the last trial.

In her motion for new trial seven or more grounds were set out, but on appeal it is contended only that the court committed prejudicial error in, (1) sustaining the motion for a new trial following the second trial; (2) in directing the consolidation of the two cases over the objections of Mr. and Mrs. Mitchell, and (3) the verdict is contrary to the law and the evidence. We shall take up the last contention first since our conclusion reached on the whole case will obviate the necessity of discussing the other grounds at any length, one perhaps being common in consideration of Mr. Mitchell's appeal.

On the first appeal we did not find it necessary to give more than a brief statement of the manner of the collision. We referred to the ordinance which established 13th Street as a boulevard, requiring the driver of a car on Park Avenue to stop before crossing the intersection, and the situation with regard to the absence of the stop light which had been put out of commission by the 1937 flood. The trend of the proof on this third trial did not materially vary from the proof on the first trial, except as to personal injuries. Mr. Mitchell did not testify on the first or second trials, but did on the third. The collision occurred near midnight of April 27, 1937. Mr. Mitchell was driving his car eastwardly on Park Avenue intending to turn into 11th Street. Watson was driving the taxi southwardly on Park Avenue. The collision occurred a few feet from the center line of 13th Street.

Mr. and Mrs. Mitchell both testify that Mr. Mitchell brought his car to a stop when he reached the intersection and that they looked in both directions and saw no car approaching; Mr. Mitchell then proceeded at a rate not to exceed eight miles per hour; that without warning or knowledge the taxi was approaching, running squarely into the side of the Mitchell car, striking it about the middle, turning it over, it coming to rest on the northwest corner of the intersection. The taxi was damaged, but apparently the driver was not injured. At

a point about 145 feet north of Park Avenue, as shown by proof and drawings, there is a curve in 13th Street which would prevent a driver from observing anything at or near the intersection, or one on Park Avenue from seeing a car approaching from that direction until it had rounded the curve. There is also a drug store on one corner which it seems would interfere with the vision of drivers approaching the intersection, as these drivers were proceeding. From the curve to the line of intersection the street is straightaway. Watson says as he approached the curve he was driving about thirty miles per hour; slowed up for the curve and then resumed about the same rate of speed, "watching for other traffic." He did not see the Mitchell car until it got within five feet of him, when he applied his brakes, swerving his car to the left, thinking the other car would pull to the right and thus avoid collision.

It was shown by officers, who came up shortly after the accident, that Watson had been drinking; this he denied and offered other proof to counter the charge. There was some intimation that Mr. Mitchell's lights were not burning, and Watson could not say whether the Mitchell car stopped at the intersection or not. Watson testified that following the accident Mr. Mitchell had said that he did not stop at the intersection and that he was driving without lights. This was denied by both Mr. and Mrs. Mitchell. Mrs. Mitchell's testimony corroborated that of Mr. Mitchell, she saying that the car came to a full stop, and that she looked in both directions before proceeding and there was no car in sight.

For the purpose of discussing the legal point involved, the recitation of proof thus far is sufficient to show the issues of fact, adding, however, that there is no proof tending to show negligence on the part of Mrs. Mitchell. The contention is that in the absence of proof showing negligence on her part, she was entitled to a verdict since in the companion case the jury returned a verdict which undoubtedly was based on the conclusion that both drivers were guilty of negligence.

In Mrs. Mitchell's case the court instructed the jury that the negligence of the driver of the Mitchell car, if any, could not be imputed to her unless it was the sole cause of the injury occasioned by the accident. Under facts which are not distinguishable from the facts here, we have no few times held that the negligence of the

driver of a car could not be imputed to an invitee or licensee, unless it be shown that the latter had opportunity to exercise proper care for safety and neglected to do so. Louisville R. Co. v. McCarthy, 129 Ky. 814, 112 S. W. 925, 19 L. R. A., N. S., 230, 130 Am. St. Rep. 494; City of Louisville v. Zoeller, 155 Ky. 192, 160 S. W. 500. In the latter we held that the negligence of the husband, driver of a car, could not be imputed to the wife who was riding with him. See also Roberts v. White, 266 Ky. 483, 99 S. W. (2d) 447, which cites as applicable Miller v. Weck, 186 Ky. 552, 217 S. W. 904, and Bowman v. Ernst, 254 Ky. 376, 71 S. W. (2d) 1013. In the latter we held that when the daughter was riding in a car with her father and injured by collision with another car, she could recover of the owner of the other car if the injury was the result of joint negligence. Here, since the jury found joint or concurring negligence, it is obvious that the jury overlooked the instruction above mentioned, or failed to observe its effect or meaning, and thus it is that the verdict in Mrs. Mtchell's case was contrary to the law as laid down by the court.

We need not discuss at length the contention that Mrs. Mitchell, following the verdict on the third trial, was entitled to have the court direct substitution of the verdict rendered on the former trial for the instant verdict. Assuming that she properly presented the question and preserved her rights to have the question considered now, Burton v. Spurlock's Adm'r, 294 Ky. 336, 171 S. W. (2d) 1012, the question hinges on whether or not the court erroneously granted the new trial.

On the first and second trials the court had permitted Dr. Blythe to testify that Mrs. Mitchell's injury had caused her to suffer from arthritis resulting from injury to the lower portion of her spine and high blood pressure, while her petition alleged specific injury to the lower limbs resulting in varicose veins. It may be gathered from the record that this was a ground, since Mrs. Mitchell before the third trial amended her petition so as to include disability resulting from injury to any part of her body. Aside from this the only portion of the record on the second trial properly included in or made a part of the bill of exceptions here, is the bill of evidence on the second trial.

In this state of the record it may be and is assumed that the court had other reasonable grounds for setting

aside the second verdict. The conclusions reached take out of the case the argument that the opinion on the first appeal was and is the law of the case, and to be applied when considering the contention that the court erred in overruling the motion to substitute the first verdict; cases cited in support of the argument are not applicable here. The other contention (No. 2) will be noted in discussion of Mr. Mitchell's appeal.

While the two appeals are before us on one record, a separate brief is filed on behalf of Mr. Mitchell, and it presents two grounds upon which reversal is asked, it apparently being conceded that under the proof and court's proper instructions the jury was justified in finding that both Randall and Mitchell were guilty of negligent operation of their respective vehicles.

It is insisted by appellant that the court erred in consolidating the cases, and in placing upon him the burden of proof. As we view the record it appears from the orders on the first trial that both Mr. and Mrs. Mitchell were willing to hear the cases together, Randall insisting that since his case was first on the docket it should be disposed of first. That fact, if it be so, did not bind them on the final trial. When the court sua sponte directed consolidation, counsel for the Mitchells objected, and Randall moved the court to place the burden on him and allow him the closing argument; counsel for the Mitchells objected, and the court sustained the objection "to which Howard Randall by counsel excepts." Under this state of the record Mr. Mitchell could be heard to complain only of the consolidation.

Regardless of the state of the record as noted, neither ground ipso facto constitutes prejudicial error. The rule in respect of consolidation is that where the issues arise from and involve common or similar facts as here the question of negligence or non-negligence, the court is vested with a wide discretion. If the court concludes that no undue advantage may be gained by one party or the other, or disadvantage to the party objecting there is no reversible error. Toppass v. Perkins' Adm'x, 268 Ky. 186, 104 S. W. (2d) 423; City of Ashland v. Queen, 254 Ky. 329, 71 S. W. (2d) 650; Greer v. Richards' Adm'r, 273 Ky. 91, 115 S. W. (2d) 568. These cases are not in conflict on this point with Sheetinger v. Dawson, 236 Ky. 571, 33 S. W. (2d) 609, since the amendment to Civil Code of Practice, Sec. 606, Acts

1940, c. 95. The same rule applies in respect of placing the burden of proof, which ordinarily controls the order of argument.

In construing Sec. 526, Civil Code of Practice, we have held that where the pleadings present issues which if singly tried would shift the burden, the court may exercise a broad discretion in placing it. London & P. M. & F. Ins. Co. v. Mullins, 268 Ky. 814, 105 S. W. (2d) 1057; Haas v. Fidelity & C. Trust Co., 281 Ky. 671, 136 S. W. (2d) 1088; Blackburn v. Beverly, 272 Ky. 346, 114 S. W. (2d) 98.

Our conclusion requires us to reverse the judgment in the Carlee Mitchell v. Randall case, with directions to grant a new trial consistent with this opinion. The judgment in Silas Mitchell v. Randall is affirmed.