## Dixie Ohio Express Co. et al. v. Vickery.

December 12, 1947.

J. B. Johnson, Judge.

Keenon & Odear, Ben D. Smith and James A. Inman for appellants.

Leonard Stephens and Stephens & Steely for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER— Reversing.

This is a suit arising out of an accident in which appellee's automobile was wrecked and his wife injured. Action was brought against appellants, the owner and the operator of a tractor-trailer truck, to recover property damages and for the loss of the wife's services and consortium. A jury awarded appellee the sum of $1,400. The grounds urged for reversal by appellants are: (1) they were entitled to a directed verdict, (2) the instructions were erroneous, (3) incompetent testimony was admitted, (4) the argument of plaintiff's attorney was improper, and (5) the damages were excessive.

The accident happened on what is known as the Revlo Bridge on highway 27 in McCreary County. The truck was proceeding north, and the car driven by appellee's wife was proceeding south. About the time, or soon after, these vehicles entered the bridge from opposite directions, a train passed thereunder emitting smoke which obstructed the vision of both drivers. A collision took place, and the principal controversy arises over the position of the vehicles at that time.

Appellee's wife testified that when she entered the bridge no vehicle was in sight, and that she was about

half way across when the train passed below. She stated she slowed down, was on her right hand side of the roadway, and that the truck came out of the smoke and struck the automobile she was driving. The truck driver testified that he came onto the bridge about the same time the train arrived; that he started to stop when the smoke engulfed him; that he was on the right hand side of the bridge; and that plaintiff's automobile struck the tractor on the left front end.

There were no other eye witnesses to the collision, although a witness saw the truck driving onto the bridge and into the smoke. The trailer of the truck was then observed to be on the left hand side of the road, and after the collision this witness testified it was 18 or 20 inches on the left of the white line dividing the highway.

There was proof that after the collision the tractor of the truck was jammed up against the bridge railing on its right hand side, and the front end of the automobile was against the left front end of the tractor. The automobile was cross-wise of the bridge with its rear end wedged against the curb on its right hand side. No skid marks were observed.

In view of the above evidence, it is contended by appellants that the physical facts indicate clearly the automobile had struck the tractor on its proper side of the bridge, and that therefore they were entitled to a peremptory instruction. They rely on the case of Silver Fleet Motor Express v. Wilson, 291 Ky. 509, 165 S. W. 2d 48, wherein we held that where physical facts so unerringly point to the actual cause of a collision as to leave no room for a contrary determination, a directed verdict is proper. We do not have such a case.

The position of the two vehicles after the collision alone is not sufficient to establish conclusively its actual cause. There was evidence in this case that the truck, or part of it, had entered the bridge on the wrong side of the highway, and there is positive testimony by plaintiff's wife that she was on her right hand side when struck. The physical facts do not clearly contradict this evidence. It is entirely possible that the truck was on the wrong side of the highway, and its driver at the moment of collision cut his wheels to the right,

which in a fraction of a second could have moved the tractor to its right hand side of the road. In addition, the wedging action of the automobile could have moved the tractor to the position it was in when it came to rest. Surely we do not have a sufficiency of positive physical evidence to take the case from the jury.

In the Silver Fleet case, above cited, there was evidence of tire marks, broken glass, mud, and a loosened guard rail cable. All of this physical evidence established that the collision had taken place on the truck's right hand side of the road. As above noted, this is not such a case, and appellants were not entitled to a peremptory instruction.

Appellants attack the instructions principally on the ground that the duties placed upon the drivers of the two vehicles were unequal and prejudicial. Instruction No. 1 imposed the duty on appellant driver to keep a lookout ahead and not to pass to the left hand side of the highway unless he had a clear and unobstructed view for a distance of 150 feet. Neither of these duties were imposed on the driver of the automobile.

Under circumstances such as these, where the duties of each party were equal and reciprocal, the instructions should so advise the jury. In the case of Williams et al. v. Coleman's Adm'x, 273 Ky. 122, 131, 115 S. W. 2d 584, 588, we said:

"In other words, although the duties of the drivers of the truck and car when meeting and attempting to pass each other on this occasion were reciprocal and the same, the instructions as given did not impose the same duties on both or so admeasure them, but unequally imposed upon the truck driver the observance of two duties, imposed respectively both by the statutes and the common law, whereas only the one duty of exercising ordinary care was imposed upon Coleman, the driver of the car.

"Appellants contend, and we conceive properly, that by reason of such unwarranted difference and discrimination made in the two instructions, so specifically detailing and defining the duties of the defendants' driver while not so defining like duties as imposed upon

Coleman, the defendants were prejudiced and therefore entitled to a reversal.''

Appellee argues that even if the instructions were erroneous, the error was self-invited because appellant offered an instruction which did not impose on the driver of the automobile any lookout duty. This contention might have some merit if the Court had failed to place a lookout duty on either party. However, the imposition of additional duties on the truck driver was a clearly prejudicial error which was not invited or waived by appellant. For this error the judgment must be reversed.

Appellants further object that the instructions imposed on the truck driver the duty to stop if his view was obstructed by smoke so that he could not see ahead. This identical duty was placed on the driver of the automobile. There was no error in this instruction, in prescribing the duty of both drivers to stop if their views were so obstructed by smoke that they could not see. That was simply making more concrete the duty to exercise ordinary care under the circumstances. The exercise of ordinary care when a driver is completely blinded would require him to stop. We approved a similar instruction in Roberts v. White, 266 Ky. 483, 99 S. W. 2d 447. See also Trevillian v. Boswell, 241 Ky. 237, 43 S. W. 2d 715.

It is unnecessary to consider other questions raised on this appeal. For the error in the instruction which imposed unequal duties on the drivers of the two vehicles, the judgment is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.