**KENTUCKY TRANSPORT CORP., Inc.**

**v.**

**WOODWARD (two cases).**

Court of Appeals of Kentucky.

Jan. 22, 1954.

As Modified on Denial of Rehearing
March 26, 1954.

Doolan, Helm, Stites & Wood, Louisville; J. D. Buckman, Jr., for appellant.

T. C. Carroll, Shepherdsville, Cyril C. Sehlinger, Louisville, for appellee.

CULLEN, Commissioner.

Mrs. Ruby Woodward recovered judgment against the Kentucky Transport Corporation, in the amount of $35,000, for personal injuries sustained in a collision between a truck owned by the corporation and an automobile in which Mrs. Woodward was riding as a passenger. The jury found that the truck driver and the driver of the automobile (Mrs. Woodward's husband) both were negligent.

The trucking company appeals, claiming that it was entitled to a directed verdict in its favor.

The automobile, going north, collided with the truck, going south, on U. S. Highway 31 E a short distance south of the town of Mt. Washington. The testimony of the Woodwards was that the truck was on the wrong side of the road; the automobile struck the truck near the left door of the cab; and the truck dragged the automobile 10 or 15 feet south before coming to rest. The truck driver, and the drivers of two cars who said they were following the truck, testified that the automobile was on the wrong side of the road; the right side of the truck was off the pavement on its side and against a guard rail when it was hit by the automobile; and the truck traveled only five or six feet after the collision. The testimony of the two motorists who said they were following the truck was placed in issue by the testimony of a farmer living near the scene of the accident, who arrived at the scene a few moments after the collision, and who said that he did not see any vehicles then present other than the two involved in the collision.

After the collision, the truck came to rest with its right wheels, both front and rear, against the guard rail on the west side of the highway, three and one-half feet off the pavement. There were skid marks on the shoulder behind the rear wheels of the truck, some five or six feet in length. The automobile came to a stop crossways of the road, with its front facing, and about three feet from the left door of the cab of the truck.

The trucking company maintains that if the collision had occurred on the east side of the highway, as contended by the Woodwards, and if the vehicles traveled only 10 or 15 feet after the collision, as testified by the Woodwards, it would have been physically impossible for the truck to have ended up against the guard rail on the west side of the highway. This contention would be meritorious if the Woodwards should be held to be bound absolutely by their testimony that their automobile was dragged only 10 or 15 feet after the collision. However, it is our opinion that this estimate of distance, representing nothing more than a fleeting impression received at the very moment of a violent collision, cannot be given the conclusive effect sought by the appellant.

Both vehicles caught fire immediately after the collision, as a result of gasoline splattered from a broken tank on the truck. Mrs. Woodward was knocked unconscious, and Mr. Woodward suffered a fractured leg. Under these circumstances their testimony as to the distance their automobile moved after the collision was entitled to be given little weight by the jury.

There was no evidence as to broken glass, mud lumps or other debris tending to fix the exact spot of the collision. The appellant's conclusion that the collision must have occurred on the west side of the highway is reached only by adding together the fact that the truck came to a stop against the guard rail and the alleged fact that the vehicles moved only 10 or 15 feet after the collision.

The evidence here is in many respects similar to that in Dixie Ohio Express Co. v. Vickery, 306 Ky. 171, 206 S.W.2d 821, in which it was held that the evidence created an issue for the jury. It is our opinion that in the present case the trucking company was not entitled to a directed verdict.

Mr. Woodward has cross-appealed from the judgment, claiming that there was error in connection with the finding of the jury that he as well as the truck driver was negligent. He maintains that the only issue was which of the vehicles was on the wrong side of the road, and that the jury could not find under the evidence that both were on the wrong side. We think the jury well could have believed that both were on the wrong side. In addition, the jury could have found that Mr. Woodward was negligent in not having his car under proper control, since there was evidence that his car skidded when he applied the brakes. We find no error in the instructions or the verdict with respect to Mr. Woodward's negligence.

There is no claim that the damages awarded Mrs. Woodward are excessive.

The judgment is affirmed, on both the direct appeal and the cross-appeal.