RAILWAY EXPRESS AGENCY, INC.,
Appellant,

v.

Robert C. BOWLES, Jr., et al., Appellees.

Court of Appeals of Kentucky.

June 12, 1959.

**338**

Robert M. Odear, C. W. Swinford, Stoll, Keenon & Park, Lexington, for appellant.

Julian W. Knippenberg, Boehl, Stopher, Graves & Deindoerfer, Joseph C. Lewis, Lexington, for appellees.

CULLEN, Commissioner.

Railway Express Agency sued Robert C. Bowles, Jr., for damages arising out of a collision between the agency's truck and Bowles' automobile. Bowles counterclaimed for damages, and his collision insurance carrier was made a party and sought subrogation. The jury returned a verdict in favor of Bowles and his insurance carrier for a total of $7,702.80. Railway Express Agency has appealed from the judgment entered on that verdict. The sole ground of appeal is error in the instructions.

Appellant's truck and Bowles' automobile were proceeding in opposite directions, and met in a "sideswiping" collision. Upon the trial the issues of negligence boiled down to the single question of which vehicle was on the wrong side of the road.

The appellant offered one instruction as to the duties of its driver, and another as to Bowles' duties, which were identical in form. These instructions covered the duties of lookout, reasonable speed, and yielding one-half of the highway. The appellees offered an instruction as to the duties of appellant's driver, which stated the same three duties, but further set forth the statutory duty not to pass to the left side of the road unless the left side was clear of all traffic and obstructions and presented a clear vision for a distance of at least 150 feet ahead.

The judge announced that he would give the appellant's offered instruction as to Bowles' duties, and the appellees' offered instruction as to the duties of appellant's driver. The appellant objected to the giving of the latter instruction because "the duties recited therein and placed upon the driver of the plaintiff's truck are not identical with the duties placed upon the defendant driver in Instruction No. 1." The judge overruled the objection and gave the instructions in accordance with his previous announcement.

Where the circumstances of an automobile collision are such that the duties of the respective drivers are equal and reciprocal, it is prejudicial error to give instructions imposing upon the drivers unequal duties. Williams v. Coleman's Adm'x, 273 Ky. 122, 115 S.W.2d 584; Dixie Ohio Express Co. v. Vickery, 306 Ky. 171, 206 S.W.2d 821. The circumstances in the instant case are substantially the same as those in the two cited cases, wherein the judgments were reversed because the instructions did not place the same duties on both drivers.

The appellees concede the rule, but contend that the appellant invited the error. They maintain that their offered instruction was proper in form, while appellant's was not, and that appellant was not willing that appellees' instruction be given as to both drivers, but insisted that appellant's instruction be given as to both. However, we do not so interpret the record. The transcript recites that the court announced it would give appellant's instruction as to Bowles' duties, and appellees then offered their instruction, to which appellant ob-

jected because it did not set forth identical duties with those stated in the instruction which the court already had announced it would give. The transcript further indicates that the reason assigned for overruling the objection was that the appellant was bound by the instruction appellant had offered.

In Dixie Ohio Express Co. v. Vickery, 306 Ky. 171, 206 S.W.2d 821, this Court held that where the instructions placed a lookout duty on the appellant, but none on the appellee, the fact that the appellant had offered an instruction which did not place a lookout duty on the appellee did not preclude him from complaining of the error on appeal, and he could not be charged with having invited or waived the error. We think that holding is applicable here. Until the appellees offered their instruction, no question of unequal instructions had arisen, and as soon as the question did arise the appellant immediately made a specific objection, as required by CR 51. We think the trial court had the duty, when the matter was thus called to its attention, to instruct properly. There is no reason for penalizing the appellant simply because it thought, before the appellees offered their instruction, that the case might be submitted to the jury on fewer duties than were set forth in the appellees' instruction.

It is our opinion that the giving of the unequal instructions was prejudicial error, and that the appellant did not so invite the error as to be precluded from asserting it.

For the purposes of guidance upon another trial, we note the fact that the appellees' instruction has some possibilities of being misleading by reason of a misused comma, commented upon in the briefs, and that, by reason of the counterclaim features of the case, the reference in the last paragraph of the instruction to "a contributing cause" is not correct.

The judgment is reversed, with directions to grant a new trial.

MONTGOMERY, C. J., dissenting.