**Christopher ANDERSON, Appellant,**

**v.**

**Buford B. LICH, Appellee.**

Court of Appeals of Kentucky.

June 24, 1960.

 

Joe G. Leibson, Leibson, Leibson & Leibson, Louisville, for appellant.

Edward J. Hogan, Louisville, for appellee.

MONTGOMERY, Chief Justice.

Christopher Anderson sued Buford B. Lich for recovery of damages for injuries to himself and his car as a result of an auto collision. The jury returned a verdict in favor of Lich. Anderson appeals and urges that Lich was negligent as a matter of law, in that he failed to give the required signal of his intention to turn right, in violation of the statute, and that Lich did not attempt his right-hand turn at the point closest to the right curb, in violation of a city ordinance.

The collision occurred about 7:45 a. m. on July 25, 1956, at the intersection of Chestnut and 22nd Streets in Louisville. Both streets carried one-way traffic, eastbound on Chestnut and southbound on 22nd. Chestnut Street was 36 feet from curb to curb, but the evidence is in conflict as to whether west of 22nd Street there were two traffic lanes, as contended by Lich, or three, as contended by Anderson.

Both cars were traveling east on Chestnut Street at about 20 to 25 miles per hour just prior to reaching the intersection. Lich said his car was traveling about four feet from the south curb on Chestnut and that he intended to turn right and south onto 22nd Street. He said that he signaled his intention to turn about three or four car lengths from the intersection although he had looked to the rear and side without seeing Anderson's car. Upon hearing a car, Lich stopped his car in the intersection turned slightly toward 22nd Street. The cars collided in the intersection, with the Anderson car continuing until it struck a post on the southeast corner of the intersection.

Anderson said that the front end of his car was a few feet ahead of the rear end of Lich's car when they were about a quarter of a block from the intersection. Anderson's car was traveling to the right of the Lich car. During the remaining quarter of a block, Anderson said he drove his car fully alongside the Lich car and at the time of the collision the front end of his car was a few feet ahead of the front end of Lich's car. Anderson intended to continue traveling eastwardly on Chestnut Street. As Lich started his turn south in the intersection, his right front fender and bumper came into contact with the left side of Anderson's car.

Anderson's brief fails to meet the requirements of RCA 1.210(a), in that its table of points and authorities does not concisely classify the questions discussed, nor does it state separately or clearly each issue, principle of law, or contention. The gist of appellant's brief is that the verdict is flagrantly against the evidence and that the trial court should have held appellee to have been liable as a matter of law. Under this Court's view of the case, it is unnecessary to determine the latter point and the first point is without merit. Assuming that appellee was negligent, as contended by appellant, there was sufficient evidence of contributory negligence on the part of appellant in passing appellee's car on its right side at an intersection to take the case to the jury.

The court instructed the jury on the general duties of appellee as the operator of a motor vehicle and on the specific duty to give a continuous signal before making a turn. An added instruction was given that if the appellee's failure to perform any one of his duties was the proximate cause of the injuries and damages, the jury should find for the appellant. A contributory negligence instruction was given, based on the duties of appellant to exercise ordinary

care, to have his car under reasonable control, and to keep a lookout. Appellant did not object to the form or the giving of the contributory negligence instruction. The verdict for the appellee was based on substantive and probative evidence as to the contributory negligence of the appellant and was rendered under a proper instruction. Under the instruction given, the jury chose to believe that appellant's failure to perform his duties, as defined in the instructions, by passing on the right at an intersection contributed to or helped to bring about the collision and resulting damage so as to bar him from recovery. Simons v. Allen, Ky., 309 S.W.2d 775.

■ Appellant also argues that the location of certain debris found in the intersection constituted such physical facts as to bring the case within the rule of C. L. & L. Motor Express Co. v. Achenbach, 259 Ky. 228, 82 S.W.2d 335. The testimony as to the source, extent, and location of the debris found was in dispute and did not establish conclusively the cause of the collision. Dixie Ohio Express Co. v. Vickery, 306 Ky. 171, 206 S.W.2d 821.

Judgment affirmed.