Rebecca Rose PROBUS, Appellant,

v.

Nettie BOHANNON, Willena W. Vincent and Noel Vincent, Appellees.

Court of Appeals of Kentucky.

June 23, 1967.

E. R. Gregory, G. D. Milliken, Jr., Milliken & Milliken, Bowling Green, Daniel B. Boone, Louisville, for appellant.

Charles H. Reynolds, Bell, Orr & Reynolds, Bowling Green, for appellee Bohannon.

William J. Parker, Harlin, Parker & Ricketts, Bowling Green, for appellees Vincent.

WILLIAMS, Chief Justice.

On a clear afternoon appellant Rebecca Rose Probus and appellee Willena W. Vincent were involved in a head-on automobile collision at the crest of a hill on a graveled country road. Probus filed suit against Vincent for damages suffered as a result of the collision. Appellee Nettie Bohannon, who was a guest passenger of appellant Probus, filed suit against Probus and Vincent for damages she suffered as a result of the collision. A jury in the Warren Circuit Court returned a verdict in favor of appellee Bohannon against both Vincent and Probus in the amount of $10,000, to be paid jointly by each. The jury did not find for Probus in her suit against Vincent. Probus has appealed from the judgment entered pursuant to the verdict.

Nettie Bohannon was riding in the front seat of the Probus automobile on the right-

hand side. Bohannon testified that Probus approached the hill where the accident occurred at a speed of about 30 to 35 miles per hour, driving in the middle of the road. Bohannon saw the Vincent car when it was four or five car lengths away and called out that Vincent did not see the Probus car. Bohannon testified that when she made that statement Probus turned her automobile to the right, slowed down somewhat, and left sufficient room on the left for another vehicle to pass. She also testified that neither party sounded a horn.

We will stop a recital of the facts at this point to consider appellant's first argument that she was entitled to a peremptory instruction against Bohannon on the ground that Bohannon's statements amounted to a judicial admission. Appellant quotes 31A C.J.S. Evidence § 270, p. 694, defining judicial admissions as "concessions or voluntary acknowledgments made by a party of the existence of certain facts." The question then is, whether Bohannon admitted sufficient facts to preclude a recovery by her against Probus. Bohannon stated Probus turned her car to the right after discovering the Vincent automobile was approaching, and left sufficient room on the left side of the road for the Vincent car to pass. On the other hand, Bohannon testified that Probus was driving in the center of the road going up the hill, that she was traveling at a speed of 30 to 35 miles per hour, and that she did not sound her horn. It seems entirely reasonable that a properly instructed jury could have found Probus negligent for driving in the center of the road up a hill where she could not see over the crest, for traveling at a speed of 30 to 35 miles per hour at that particular time and place, and for failure to sound her horn, as required by statute, KRS 189.410. Not considering evidence of any other witness, Bohannon testified concerning facts sufficient to take the case to the jury.

Appellant attempted to introduce pictures of the area taken approximately a year and a half after the accident occurred. At first the trial court would not permit the photographs to be introduced because they were not properly authenticated. The court stated in the presence of the jury that it did not appear that conditions were the same when the photographs were taken as when the accident occurred. Later during the trial the court permitted appellant to introduce the photographs over the objection of appellee. Now appellant is complaining that the court erred in first refusing to admit the pictures and stating his reasons therefor. The simple answer to this is that, before photographs may be introduced, they must be properly qualified, and it is the duty of the person seeking their introduction to present such qualifications. If he fails to do it, he cannot be heard to complain that the court refused to permit the introduction of the photographs and stated the reason why such permission was not granted. Robinette v. Commonwealth. Department of Highways, Ky., 380 S.W.2d 78 (1964).

The court gave standard instructions on the duties of each of the parties. We find no error in any one of them.

Appellant Probus maintains that she was entitled to a directed verdict in her suit against appellee Vincent. Probus' testimony was that she was going up the hill at 10 or 15 miles per hour and that, as soon as she saw the Vincent car, she pulled as far as she could to the right, stopped, blew her horn, and left adequate room for Vincent to pass to her left. Probus further testified that the Vincent car was across the center of the road and continued on that side up to the point of the accident. Vincent, on the other hand, testified that she was driving on her side of the road at 20 to 25 miles per hour, that she first saw the Probus car when it was two or three car lengths ahead of her, that the Probus car was in the middle of the road, and that she applied her brakes and turned to the right immediately, but admitted she skidded some to the left in the loose gravel after applying the brakes.

■ The physical facts are that there were two ruts in this 16-foot country road, apparently caused by most traffic using the middle of the road. The two automobiles met on the gravel ridge between the ruts. After the accident the Vincent automobile was about 15 inches to the left of what would have been the center line had one been in existence. It does not appear to us that the location of the automobiles after the accident is conclusive on the question of negligence. See Dixie Ohio Express Co. v. Vickery, 306 Ky. 171, 206 S.W.2d 821 (1947). The jury was instructed concerning the duties of both parties and had before it sufficient facts to have justified a verdict for or against either. Under the circumstances, it was not error to refuse to direct a verdict in favor of appellant.

Judgment affirmed.

All concur.