Vincent DAYOC, Appellant,

v.

Willette JOHNSON et al., Appellees.

Vincent DAYOC, Appellant,

v.

Nannie C. GENTRY, Appellee.

Court of Appeals of Kentucky.

March 29, 1968.

**570**

John P. Kirkham, Hopkinsville, Keith & Kirkham, for appellant.

W. E. Rogers, Jr., and W. E. Rogers, III, Rogers & Rogers, Hopkinsville, for Nannie C. Gentry.

Alfred A. Naff, Hopkinsville, Clyde Chesnut, Elkton, for Willette Johnson and Annie E. Sebree.

MONTGOMERY, Judge.

Vincent Dayoc appeals from a judgment of $55,000 in favor of Nannie C. Gentry. The judgment was also against Willette Johnson and Annie E. Sebree, who did not appeal.

Appellant contends that: (1) The court erred in assigning the burden of proof and the order in which the parties should present their proof, and further erred after having once set the order of proceedings by subsequently changing the order as to the closing arguments; (2) the court erred in failing to discharge the jury because insurance was mentioned; (3) appellant was entitled to a directed verdict; and (4) the court erroneously instructed the jury.

The appellant was driving north on Walnut Street in Hopkinsville. He turned left onto 13th Street at the intersection of 13th and Walnut Streets. He proceeded west on 13th Street. At the intersection of 13th and Coleman Streets, appellant said, his car was struck on the left rear fender by a car being driven north on Coleman by Annie. The car was owned by Willette, who was also in the car. Willette and Annie said there was slight contact, if any, and slight damage.

The appellant testified that when his car was struck he attempted to avoid hitting a taxicab which was coming toward him in the eastbound lane. He turned his car to the right to avoid the cab. His car glanced off the cab and struck a car which was parked on the right-hand side of the street. The force of this blow knocked the parked car onto the porch of a house, pinning Nannie between the car and the porch. She had been standing in front of the porch. The corner of the porch was seventy-seven feet from the center of the intersection. As a result of the injuries Nannie had to have a leg amputated.

On June 5, 1963, appellant sued Willette and Annie, seeking $750 as damages to his car. Willette and Annie filed an answer and counterclaim, seeking $12.50 for damages to Willette's car. In December 1963,

Nannie sued appellant, Willette, and Annie, seeking damages for her personal injuries in the sum of $50,000, plus $5,000 for medical expenses. Appellant filed an answer and cross-claim against Willette and Annie. They, in turn, filed an answer and cross-claim against appellant. The actions were consolidated and tried together. There was no recovery on either cross-claim. The jury found appellant, Willette, and Annie guilty of concurrent negligence.

Appellant contends that the court erred in assigning the burden of proof and subsequently changing the order of arguments. Appellant argues that he, having filed the first action, should have been permitted to present his proof first and to have the closing argument.

The court ordered that the proof should be presented first by Nannie, then by appellant, and then by Willette and Annie. At the conclusion of the presentation of testimony, the court ruled that appellant should have the first argument, followed by the argument for Willette and Annie, and then the closing argument of Nannie's counsel.

■ As between appellant and Nannie, there can be no argument. Nannie, correctly, had the opening statement and the closing argument. CR 43.01. The contention resolves itself into whether appellant was prejudiced by the order of opening statements and arguments as related to Willette and Annie.

■ On the trial of a case involving multiple parties and issues, the trial court may exercise a broad discretion in placing the burden of proof. Mitchell v. Randall, 297 Ky. 302, 179 S.W.2d 868. The same rule applies to the order of arguments. In fact, a trial court, having made an error in placing the burden of proof, may correct the order of arguments after all of the evidence has been heard. Cook's Adm'r v. Bank Josephine, 301 Ky. 193, 191 S.W. 2d 209. CR 43.02 provides "the order of proof shall be regulated by the court so as to expedite the trial and enable the tribunal

to obtain a clear view of the whole evidence" and "the court shall arrange the relative order of argument." Under the circumstances there was no abuse of discretion by the trial court.

William Covington, driver of the car knocked onto the porch, testified concerning some photographs of his car which had been introduced in evidence. He pointed out the damage done to the car. On re-cross-examination by the counsel for Willette and Annie, Covington, in response to an inquiry as to who had taken the "pictures," said, "No, sir, I didn't know the man's name that took them. Some insurance adjuster, he said he was." The court admonished the jury not to consider the statement. Appellant argues that this was a prejudicial injection of "insurance" into the case.

■ The insurance adjuster was not identified with any of the parties to the action, nor with Covington, whose car was damaged, nor with the taxicab with which appellant's car also had collided. The reference to insurance was not injected by Nannie's counsel, but it was given as a voluntary and unsolicited statement in response to a question asked by counsel for Willette and Annie. As such, it falls into the category of an inadvertent answer not made in bad faith and is not reversible error. Bowling Green-Hopkinsville Bus Company v. Montgomery, 278 Ky. 837, 129 S.W.2d 535; Herald v. Gross, Ky., 343 S. W.2d 831; Juett v. Calhoun, Ky., 405 S.W. 2d 946. It may be noted in considering whether the alleged error was prejudicial that Nannie was an innocent bystander, and no contention is made that the damages awarded are excessive.

Appellant insists that he was entitled to a directed verdict. This argument is based on the theory that appellant's car was being driven at a speed of ten to twenty miles per hour and that his car was knocked out of his control by the force of the collision with the car driven by Annie as she pulled into the intersection.

The testimony concerning the speed of appellant's car is conflicting. Nannie said that appellant's car was coming across the intersection "real fast." The car driven by Annie suffered slight damage when it struck the left rear fender of appellant's car: the rim on the left headlight came off. Annie testified that she had stopped her car before entering the intersection and had not driven very far into the street. Appellant said that he did not see Annie's car. Annie said that appellant's car was coming at a "tremendous rate of speed." The force by which appellant's car was propelled as it glanced off of the taxicab and into the Covington car caused the Covington car to demolish a substantial section of the porch of the house. Such force is not compatible with a speed of ten to twenty miles per hour. It was a question for the jury to decide whether appellant's car was knocked out of control by the collision or was being driven too fast by appellant; thus, he was not entitled to a directed verdict.

Appellant argues that the instructions were erroneous in failing to state that appellant's car had the right of way at the intersection. Instruction No. IV given by the court required Annie to observe the stop sign in approaching the intersection by bringing her car to a complete stop and not to proceed into the intersection unless the way was reasonably clear of approaching vehicles, to have her car under reasonable control, and to keep a lookout for other vehicles using said streets or intersection. The duties of Annie, as defined in this instruction, were such that the jury would understand that appellant had the right of way. No merit is found in this contention.

Appellant offered Instructions A and B, which were rejected. In substance these instructions were the same. These tendered instructions contained the premise that appellant was exercising ordinary care in the operation of his vehicle when it was struck by Annie's vehicle, and that such collision caused his loss of control and placed appellant in a position of peril from which his attempts to extricate himself were excusable.

A fatal defect is the premise that appellant was exercising ordinary care. He admits that he did not see the vehicle driven by Annie. Appellant was familiar with the situation at this intersection from his daily use of it. His failure to see her vehicle cannot be excused on the ground that there was a building which obstructed his view. If such was the case, he was not keeping a proper lookout under the circumstances, since it could reasonably have been anticipated that a vehicle might emerge from behind the building. The court properly rejected the tendered instructions.

Judgment affirmed.

All concur.